## WILLIAMS *vs.* THE STATE.

[INDICTMENT FOR ASSAULT WITH INTENT TO MURDER—ILLEGAL ARREST.]

1. *Arrest without a warrant; not forbidden by the constitution.*—An arrest without a warrant, under the provisions of the Revised Code, is not illegal. It is the issue of a warrant, without oath or affirmation, which is forbidden by the constitution, and not the arrest without the warrant.

2. *Policeman; authority of to arrest, co-extensive with the county.*—The authority of a policeman to make an arrest is not confined to the city or town, for which he is appointed, but it is co-extensive with the limits of the county.

3. *Right to resist illegal arrest; what charge as to, may be refused.*—On a trial for an assault with intent to murder, a charge *without explanation,* that the prisoner had a right to resist an unlawful arrest, may be refused. It induces the belief that the illegality of the arrest is an excuse for the deed.

4. *Misdemeanors; murder, voluntarily to kill one accused of, for flying.*—In misdemeanors it will be murder to kill voluntarily the party accused for flying from the arrest, though he cannot be otherwise overtaken, and though there be a warrant to apprehend him.

5. *Felons; when officer cannot kill to arrest.*—Even a felon must not be killed, unless he can not be captured without such severity, of which the jury ought to enquire.

6. *Duty of persons arrested illegally.*—When there is no reasonable cause to apprehend any worse treatment than a legal arrest should subject him to, it is the duty of a person to submit to an illegal arrest, and seek redress from the law.

APPEAL from the City Court of Montgomery.
Tried before Hon. J. D. CUNNINGHAM.

The appellant was convicted on an indictment for an assault with intent to murder, under the following circumstances:

Two policemen, Ed. Williams and another, of the city of Montgomery, under a verbal order from the marshal of the city, arrested the accused just outside of the corporate limits of the city, but within the county of Montgomery, and brought him within the city boundary. They did not

4

know themselves, and were not informed by any one, of any cause for so doing. He objected to the arrest when made, saying he would die before he would be arrested without a warrant, and continued his resistance until at length he drew a pistol and fired it at Ed. Williams, so close to his head that the powder burned him. The morning after he was confined in the guard-house, he told one of the witnesses that he intended to kill Ed. Williams when he shot at him, and would yet do it. He was roughly handled by the policemen, but it was not stated in what respect, or at what time.

The error alleged is the refusal of the court to give three charges asked for by the appellant's counsel.

1st. The prisoner had a right to resist an unlawful arrest.

2d. When arresting a person without a warrant, the officer must inform him of his authority, and the cause of arrest, except when he is arrested in the actual commission of a public offense, or on pursuit; and if the jury believe, from the testimony, that the officers had no warrant, and that they did not inform the defendant of their authority, and the cause of his arrest, that the arrest was illegal, and the defendant had a right to resist it.

3d. A policeman has no right to arrest without a warrant, outside of the city limits, except for the actual commission of an offense in his presence or on pursuit.

W. F. L. Morgan, for appellant.

Thos. G. Jones, for Attorney-General, contra.

B. F. Saffold, J.—An arrest may be made by any policeman any where within the limits of his county.—Revised Code, § 3683. It may be made by a policeman without a warrant, on any day and at any time, for any public offense committed, or a breach of the peace threatened, in his presence; or when a felony has been committed, though not in his presence, by the person arrested; or where a felony has been committed, and he has reasonable cause to believe that the person arrested committed it; or when he has reasonable cause to believe that the person arrested

has committed a felony, although it may afterwards appear that a felony had not in fact been committed; or on a charge made upon reasonable cause, that the person arrested has committed a felony.—Revised Code, § 3994. A felony, within the meaning of the law of this State, is a public offense, which may be punished by death, or by confinement in the penitentiary.—Revised Code, § 3541.

The second and third charges asked are either in opposition to the statutes referred to, or do not embrace the cases provided for by them, and were properly refused.

The first charge asked requires a more extended examination. The declaration of the prisoner, when about to be arrested, that he would die before he would yield unless the officer had a warrant, was the expression of a prevalent belief that no arrest can be made except upon a warrant. The Federal and State constitutions both provide that no warrant shall issue to search any place, or to seize any person or thing, without probable cause, supported by oath or affirmation. As a warrant is the process upon which arrests are usually made, and it can not be issued without oath, the corollary has been drawn that there can be no arrest without a warrant. The popular error on the subject is our excuse for the assertion of the truism that it is the issue of the warrant, without oath or affirmation, which is forbidden, and not the arrest without a warrant.

The arrest in this case was unlawful, because the policeman neither knew, nor was informed, of any reason why it should be made. The charge under consideration was intended, and calculated, to instruct the jury that the defendant had a right to resist, even to killing the officer. An illegal arrest was announced to be a sufficient excuse for an assault with intent to murder the officer making it. The marshal, Scott, testified that the prisoner had committed a robbery. A reasonable belief of this reposing in the breast of the policemen, unknown to the accused, would have made the arrest a legal one. The proposition contended for would transform the attempt upon his life from innocence into felony, without reference to the intention of the perpetrator.

In *Noles v. The State*, (26 Ala. 31,) this court sustained a

charge, that if the prisoner knew and believed the deceased only intended to arrest him, and carry him before the magistrate to answer the complaint to keep the peace, and to prevent this had killed him, with what the law calls malice, he would be guilty of murder, notwithstanding the unlawfulness of the arrest. In *Oliver v. The State*, (17 Ala. 587,) Chief-Justice Dargan said, if it was intended by the decision in *Johnson v. The State*, (12 Ala. 841,) to hold, that life may be taken to prevent a mere trespass upon property, the court would overrule it, without hesitation. All of the authorities concur, that the deliberate killing of another to prevent a mere trespass, whether it could or could not be otherwise prevented, is murder.—*Harrison v. The State*, 24 Ala. 67; *Carroll v. The State*, 23 Ala. 28; *Dill v. The State*, 25 Ala. 15; *Pritchett v. The State*, 22 Ala.; 1 Russ. on Crimes, 220; 2 Bishop's Crim. Law, §§ 641, 642, 643. The right to resist an aggression upon one's person or property is undoubted, but the extent to which the resistance may be carried depends upon the character of the assault or trespass.

Homicide committed for the prevention of any forcible and *atrocious* crime, is justifiable.—3 Black. 180. Though the crime prevented need not be one punishable by death, our law will not suffer, with impunity, every felony to be prevented by death. To kill another in defense of one's life or limb, or to save himself from great bodily harm, or under a reasonable fear of such injuries, is excusable homicide. Besides these, and cases of homicide committed in the execution and for the advancement of public justice, it is unlawful and punishable to take the life of another voluntarily.

In misdemeanors, it will be murder to kill the party accused, for flying from the arrest, though he cannot otherwise be overtaken, and though there be a warrant to apprehend him; but if death was not intended, it may, under some circumstances, amount only to manslaughter. In some instances, however, where the offense may turn out to be a felony, the killing may be justified. Even in cases of felony, the felon must not be killed if the officer can capture him without such severity, by obtaining assistance, or

otherwise, of which the jury ought to inquire.—2 Bishop on Crim. Law, §§ 660, 661, 662.   It is also an offense for an officer to strike or otherwise maltreat a prisoner whom he has arrested without some imperious necessity for it.

The citizen may resist an attempt to arrest him, which is simply illegal, to a limited extent, not involving any serious injury to the officer.   He may oppose a felonious aggression upon him in the execution of a lawful arrest, even to slaying the officer, when it can not otherwise be prevented.   But where he has no reasonable cause to apprehend any worse treatment than a legal arrest should subject him to, it is his duty to submit and seek redress from the law.

The charge was calculated to mislead the jury, and was properly refused.   The judgment is affirmed.