# *Ex parte* **Thomas.**

### *Petition for Discharge on Habeas Corpus.*

| 100 | 101 |
| 130 | 148 |

1. *Arrest without warrant.*—An officer is authorized by the Code of Alabama to arrest without a warrrnt any one who has committed a felony, though not committed in his presence.

2. *Same; commitment by magistrate.*—Where an officer makes an arrest without warrant of a person charged with the commission of a felony, and the magistrate who investigates the charge, finds the offense has been committed, and that the accused is probably guilty, a commitment in default of bail is lawful.

FROM the Probate Court of Butler.

Heard before the Hon. ZELL GASTON.

The petitioner, George Thomas, was arrested by the police force of the city of Greenville, on the charge of larceny from a dwelling, without any affidavit having been made, or warrant issued for his arrest. On the hearing the mayor, acting as ex-officio justice of the peace under the city charter, committed the prisoner to jail, in default of bail, to await the action of the grand jury, on the charge preferred against him. Whereupon, petitioner sued out the writ of *habeas corpus*, which was heard and denied by the probate judge; from whose action this appeal is taken.

[Dean v. The State.]

J. C. RICHARDSON, for appellant, contended that the commitment of petitioner by a magistrate, without affidavit or warrant of arrest, was illegal, and cited Con., Art. 1, Sec. 6; Code, §§ 4255-6-7-8, and *Johnson v. State*, 82 Ala. 29.

WM. L. MARTIN, Attorney-General, for the State, cited *Williams v. The State*, 44 Ala. 41; *Hayes v. Mitchell*, 69 Ala. 452; *Cary v. The State*, 76 Ala. 78; *Floyd v. The State*, 82 Ala. 10; *Patterson v. The State*, 91 Ala. 58; Code of Alabama, § 4260, *et seq.*

HARALSON, J.—Section 4262 of the Code authorizes an officer to arrest any person without warrant, when a felony has been committed by the party arrested, though not in his presence; and in *Williams v. The State*, 44 Ala. 41, it was held, that an arrest without a warrant is not illegal, that it is the issue of a warrant without oath, or affirmation, which is forbidden by the Constitution.—*Floyd v. The State*, 82 Ala. 23.

But, aside from this, when a party is arrested on a criminal charge, without a warrant, and is taken before a magistrate, who investigates the charge, and it appears to him that the offense has been committed, and there is a probable cause to believe that the defendant is guilty thereof, and he commits him to jail in default of a bond, if the offense is bailable, or without bond if not bailable, the commitment is legal. As conservators of the peace, magistrates are authorized, not only to issue warrants of arrest, but to commit persons already before them, when the occasion for the commitment judicially appears.—*Ex parte Graves*, 61 Ala. 384; *Ex parte Riley*, 94 Ala. 82.

*Habeas corpus* denied.