# Baader *v.* The City of Cullman.

*Prosecution for Failure to Perform Street Duty.*

1. *Municipal corporation; construction of charter as to duty of working on street; default therein and penalty.*—Where the charter of a municipality, authorizing the corporate authorities to require all of its male inhabitants within certain ages to work upon the streets of the city a certain number of days in each year, contains a proviso that any person so required to work may relieve himself therefrom by paying not more than one dollar for each day of work required, and then fixes a penalty upon the person who fails to do the work required or to pay as provided, the city authorities are bound under such charter to prescribe the amount the person is to pay to be relieved from the work, and until the amount is so prescribed, the penalty of the act can not be enforced against the person who fails to work the streets of the city ; since, it is not open to him, without the amount being prescribed, to avail himself of the privilege given him by the charter.

[Baader v. The City of Cullman.]

2. *Same; effect of repealing clause in new charter.*—Where the new charter of a municipal corporation expressly repeals the old charter and all amendments thereof and all laws and parts of laws in conflict with the new charter, but provides that all existing by-laws, resolutions and ordinances of the municipality, adopted in pursuance of the law, shall remain in full force until repealed or modified under the provisions of the new charter, only such by-laws, resolutions and ordinances in the old charter as were enforceable in consonance with the terms and provisions of the new charter are preserved; and an ordinance passed while the old charter was in force, which is in conflict with some of the provisions of the new charter, is superseded and annulled; and a prosecution under such ordinance can not be maintained.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

The proceedings in this case were had upon a prosecution commenced before the mayor of the city of Cullman, against the appellant, for failing to perform street duty as required by the charter of the city. Upon conviction before the mayor an appeal was taken to the circuit court, and there a complaint was filed setting out the fact that the defendant had failed to perform his duty and work on the street after warning to do so, in violation of an ordinance of the city. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment of conviction, assessing a fine of three dollars, from which the defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

COFER & BROWN and EMIL AHLRICHS, for appellant.

WILL G. BROWN, *contra.*

HEAD, J.—Section 33 of the new charter of the city of Cullman, passed December 12, 1890, (Acts, 1890–91, p. 160), is as follows: "That said corporate authorities may require all male inhabitants of said city, who have resided therein ten days, and who are between the ages of eighteen and forty-five years, to work upon the streets of said city for five days in each year under such officer as the council may appoint; provided, that any person so required to work may relieve himself therefrom by paying into the city treasury a sum of not more

[Baader v. The City of Cullman.]

than one dollar for each day of work required by the city; and, provided further, that the inhabitants of said city shall be exempt from road duty outside the limits of said city. On failure to work or pay as herein provided, the person so failing may be fined by the mayor not less than one dollar nor more than ten dollars for each day of default.''

We take the first clause of the *proviso* to this section to mean, that the corporate authorities shall prescribe by ordinance, or other appropriate method, the sum which the citizen shall be required to pay (not to exceed one dollar for each day of work required) in order to relieve himself of working the streets; and the sum so prescribed may be paid daily, and the desired relief obtained each day he is called upon to work; and that the last clause of this section means, that on failure *to work*, or pay the sum so prescribed, the party may be fined not less than one nor more than ten dollars for each day of default. It is manifest, therefore, that the citizen has a legal right to obtain the relief from work by the contemplated payment of money, and, to that end, the right to have the amount prescribed by the city authorities, as required by the act. Until this is done, he cannot avail himself of the privilege the law intends, and the penalties of the act cannot be enforced against him.

The prosecution is based upon the alleged violation of an ordinance on the subject, which was adopted long prior to, and was in force at the time of, the passage of this new charter; and the question arises whether the ordinance continued in force thereafter, in such manner, as to support a prosecution.

The ordinance required work on the streets by all male persons between eighteen and forty-five years of age, for ''not more than three days in any one year;'' provided for notice to them when required to work, and fixed as a penalty, on conviction, a fine of not less than three nor more than ten dollars, on any person who being duly notified fails to attend or send a substitute with the proper tools, or fails to fully perform his duty in working the streets. It is then further provided, that, ''Any person subject to work on the streets, who shall pay to the town marshal the sum of three dollars, on or before the day he is notified to perform such work, shall be exempt from said duty.''

[Baader v. The City of Cullman.]

Section 36 of the said new charter expressly repeals the existing charter, and all amendments thereof, and all laws and parts of laws in conflict with its provisions, saving all prosecutions pending or to be brought under existing laws, and then provides that "all existing by-laws, resolutions and ordinances of the *town* of Cullman, adopted in pursuance of law, shall be and remain in force until repealed or modified by the mayor and councilmen of the *city* of Cullman."

Prior to this new charter (which created the *city* of Cullman), the municipality had existed under the chartered name of the "Town of Cullman;" and the last named provision, applying the existing by-laws, resolutions and ordinances of the town to the city, was evidently inserted in view of this change. It was not thereby intended that any such existing by-law, resolution or ordinance, which was in conflict with any of the provisions of the new charter, should be regarded as kept in force. Only such as were enforceable, in consonance with the terms and provisions of the new charter, were preserved.

We need only add that some of the provisions of the new charter, to which we have adverted, are in such conflict with provisions of the ordinance material to the support of a prosecution under it, that the ordinance must be regarded as superseded and annulled, by the charter.

The judgment of the circuit court must be reversed, and as we are advised that no subsequent ordinance was adopted, prior to the commission of the alleged offense, which can be introduced by amendment to support the prosecution, a judgment will be here rendered discharging the appellant.

Reversed and rendered.