# Pruitt v. The State.

## Habeas Corpus Proceedings.

1. *Appeal in habeas corpus proceedings; presumption indulged by appellate court.*—On an appeal from an order of a probate judge on *habeas corpus* proceedings, wherein the petitioner was remanded to jail with the privilege of bail, where it appears that the petitioner was originally committed to jail by order of the mayor of a municipality, and there is no bill of exceptions in the transcript, nor is there anything to show that the probate judge's consideration of the case was restricted to the validity of the commitment, and no error is affirmatively shown, it will be presumed that the order of the probate judge was correct, and that in making it he acted within the power conferred upon him by law.

APPEAL from the Order of the Probate Judge of Lee County.

Heard before the Hon. F. M. RENFRO.

The facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

B. T. PHILLIPS, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Ex parte Carroll*, 36 Ala. 300; *Ex parte Campbell*, 20 Ala. 89; *Ex parte McAnally*, 55 Ala. 496; *Ex parte Croom*, 19 Ala. 561; *Ex parte Richardson*, 96 Ala. 110; *Ex parte Thomas*, 100 Ala. 102; *Ex parte Graves*, 61 Ala. 384.

SHARPE, J.—Petitioner, being confined in the county jail under what purported to be a *mittimus* from the mayor of Opelika acting as a justice of the peace and commanding that petitioner be held or bailed to answer a charge of burglary, was on *habeas corpus* brought before the probate judge who made an order remanding him and directing that bail be allowed in

the sum of four hundred dollars. That order is now appealed from.

The sole ground here insisted on as entitling petitioner to a discharge, is that the mayor was without authority to commit him for that the statute purporting to create his office and power is unconstitutional. The record is not such as to justify an adjudication of that question.

There is no bill of exceptions, nor is there anything in the transcript to show that the probate judge's consideration of the case was restricted to the validity of the commitment. As a conservator of the peace, authorized to hold preliminary examinations and to hold offenders to answer indictments, it was well within his power to hear evidence as upon a trial *de novo*, and upon sufficient proof, to command the imprisonment of the petitioner in default of bail independently of whether the original commitment was authorized. This power was conferred upon him by the statute.—Code, § 4839; *Ex parte Thomas*, 100 Ala. 101. See also Church Hab. Corp., § 237; Hurd Hab. Corp., p. 411; 9 Ency. Pl. & Pr., 1066; *Ex parte Hamilton*, 65 Miss. 98.

In the absence of error affirmatively shown, the presumption in the apppellate court is that the judgment of the trial court is correct.

Affirmed.