# Dryer *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Trespass; does not excuse commission of felony.*—A mere trespass upon the person of another, does not justify or excuse the commission of a felony by such person in resisting the trespass.
2. *Same; assault with intent to murder; charge of court to jury.* On a trial under indictment for assault with the intent to

murder, where it is shown that the felonious assault was committed by the defendant in resisting arrest by the person assaulted, who was a private citizen, a charge is erroneous and properly refused which instructs the jury that, that the defendant was authorized to resist the arrest by the person assaulted even to his death, if that were necessary to free himself.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon DANIEL A. GREENE.

The appellant in this case was indicted, tried and convicted for an assault with intent to murder one Emanuel Rothschild.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "If Rothschild, at the time of arresting defendant, had not received any information that would reasonably cause him to believe that a felony had been committed by the defendant, he had no authority to arrest him, and in making such arrest he was a trespasser, and the defendant had the right to resist such arrest, and to use sufficient force to free himself from said Rothschild." (6.) "If Rothschild, at the time of arresting defendant, had not received any information that would reasonably cause him to believe that a felony had been committed by the defendant, he had no authority to arrest him, and in making such arrest he was a trespasser, and the defendant had the right to resist such arrest, and to use sufficient force to free himself from said Rothschild, and if the jury believe from the evidence that the defendant did not use any more force than was necessary to free himself from such unlawful arrest, then the jury must acquit him."

RUSSELL & LEWIS, for appellant, cited Code, §§ 5215, 5216; *Williams v. State*, 44 Ala. 41; *Cunningham v. Baker*, 104 Ala. 170; *Findlay v. Pruitt*, 9 Port. 195; *Carroll v. State*, 23 Ala. 36.

MASSEY WILSON, Attorney-General for the State, cited *Williams v. State,* 44 Ala. 41; *Floyd v. State,* 82 Ala. 16; *Dougherty v. State,* 106 Ala. 63; *Noles v. State,* 26 Ala. 31; Code, § 4333.

DOWDELL, J.—Section 5215 of the Criminal Code prescribes when arrest may be made by a private person. Sections 5216 and 5217 prescribe his duty in making an arrest.

The defendant was indicted and tried for a felony—an assault with the intent to murder. The alleged felonious assault was committed by the defendant in resisting an arrest by one Rothschild, a private person.

Waiving consideration of the question whether Rothschild, under the facts, was guilty of a trespass upon the person of the defendant in making the arrest, it is sufficient to say that a mere trespass will not justify or excuse the commission of a felony by another in resisting the trespass.—*Noles v. State,* 26 Ala. 31; *Williams v. State,* 44 Ala. 41.

Charges 2 and 6 requested by the defendant, and which were refused, were open to the construction that the defendant was authorized to resist the arrest by Rothschild even to his death, if that were necessary to free himself. Such is not the law, and the court properly refused the charges.

There was no error in admitting evidence which tended to show that the defendant had stolen the pants from the storehouse of one Epstein, which he had "partly concealed under his coat" at the time Rothschild arrested him. Moreover, if error, it was error without injury, for whether he had committed a felony or not he would not have been justified in resisting the arrest to the extent of a felonious assault upon Rothschild.—Code § 4333.

We find no reversible error in the record, and the judgment, therefore, must be affirmed.

Affirmed.