# Wray *v*. The State.

*Habeas Corpus.*

(Decided July 6th, 1906. 41 So. Rep. 878.)

1. *Criminal Law; Preliminary · Proceedings; Commitment.*—The
   judge of the criminal court, as a conservator of the peace, has
   authority to commit and hold offenders ·to answer an indict-
   ment, and, upon habeas corpus by defendant, it is immaterial
   whether the mittimus of the committing magistrate was valid
   or not.
2. *Habeas Corpus; Hearing; Conduct of Cause.*—The state has
   the right to open and conclude the argument on habeas cor-
   pus proceedings.

APPEAL from Jefferson Criminal Court.
Heard before HON. D. A. GREENE.

Habeas corpus by Richard H. Wray to obtain his dis-
charge from imprisonment on bail. From an order deny-
ing bail, petitioner appeals.

[Wray v. The State.]

The allegations of the petition are that the defendant is entitled to bail and that he is restained without authority of law, in that the justice who tried the case and issued the mittimus, one W. P. Russell, was a justice of peace in beat 11, Jefferson county, Ala., and that he tried the case in beat 22, in said county, and issued his mittimus therefrom. After the conclusion of the evidence the defendant claimed the right to open and conclude the argument. This right was denied by the court, and the state was permitted, over the objection of defendant, to open and conclude the argument. The bill of exceptions then recited: "After argument by the state and by petitioner, the judge ruled that the petitioner was not entitled to bail' and committed the defendant on the mittimus without bail. To this action of the judge the petitioner excepted." The judgment of the court on the application is not otherwise shown by the transcript.

SHUGART & BELL, and B. M. ALLEN, for appellant.—The justice issuing the mittimus exceeded his jurisdiction by holding the trial in a beat other than that of his residence and election.—*Ex parte Goucher,* 103 Ala. 305. The only authority set up by the sheriff in his return is the mittimus, and under the facts in this case, it was no authority at all.—*Ex parte Davis,* 95 Ala. 9. On the facts in this case as developed by the testimony of all the witnesses, the defendant was not guilty of murder in the first degree, and hence, he was entitled to bail.—*Ex parte Simonton,* 9 Port. 390; *Ex parte McCrary,* 22 Ala. 65; *Ex parte Bryant,* 34 Ala. 370; *Brown v. State,* 109 Ala. 79. The defendant is not shown to be guilty by that full measure of proof that the law requires.—*Acree v. State,* 63 Ala. 234; *Bryant v. State,* 116 Ala. 445.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

ANDERSON, J.—Pretermitting any question as to the regularity or validity of the mittimus issued by the

Magistrate, Russell, the judge of the criminal court is a conservator of the peace, authorized to hold offenders to answer indictments. He could hear evidence as upon a trial de novo, and upon sufficient proof command the imprisonment of the petitioner independent of the validity of the original commitment.—*Pruitt v. State,* 130 Ala. 147, 30 South. 451, and cases cited.

We hold that the state has the right to open and conclude the argument in habeas corpus proceedings. The judge of the city court had the witnesses before him, and after a careful consideration of the evidence we are not prepared to say that he erred in denying the defendant bail, and the judgment must be affirmed.

Affirmed.

TYSON, SMPSON, and DENSON, JJ., concur.