# Childers *v.* The State

### *Assault and Battery.*

(Decided June 11, 1908. 47 South. 70.)

1. *Arrest, Without Warrant; Authority to Make.*—Section 5, Constitution 1901, prohibits the issuance of a warrant of arrest not founded on an affidavit, but does not prohibit the making of an arrest without a warrant.

[Childers v. The State.]

2. *Same; Legislative Power.*—The legislature has the power to authorize an officer to make an arrest without a warrant for a felony or a misdemeanor, whether committed in or beyond his presence.

3. *Same; Statutes; Construction.*—Section 25 of Local Laws 1900-01, page 444 (Bessemer City Charter), is not in conflict with the general statutes on the subject of arrest by warrant, but is simply an extension of the authority to make arrests without warrants in case of misdemeanors to the police officers of the municipality. It doeos not conflict with Section 5211, Code 1896.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAMS JACKSON.

Frank Childers was convicted of assault and battery, and he appeals. Reversed and remanded.

The assault and battery is alleged to have been committed upon Louis Baggett. The justification set up by way of plea and otherwise was that the defendant was a police officer of the city of Bessemer at the time of the alleged assault and battery; that it was committed, if at all, by making the arrest; and that, although the arrest was made without warrant and on verbal complaint, the charter of the city of Bessemer and its ordinances authorize and empower its police officer to arrest without warrant. Demurrers were sustained to the pleas setting this matter up, and defendant was put to the general issue, and denied the right to make the proof of the verbal complaint upon which to base the arrest; the court holding that no warrant could be issued without an affidavit, and no person arrested without a legal warrant.

BEN G. PERRY, and ESTES, JONES & WELCH, for appellant. Arrests without a warrant are not prohibited by the Constitution.—*Williams v. The State*, 44 Ala. 11; *Ex parte Thomas*, 100 Ala. 102; '82 Ala. 23. It is the issuance of a warrant without affidavit that is prohibited.—Authorities supra. An officer may arrest any person without a warrant.—Section 6269, Code 1907.

C 7

Section 25 of the charter of Bessemer authorizes the city authorities to pass ordinances providing that police officers may make arrests without warrants.

ALEXANDER M. GARBER, Attorney-General, for the State.

DOWDELL, J.—In *Williams v. State,* 44 Ala. 41, it was decided by this court that the inhibition contained in section 7, art. 1, of the Constitution of 1868, which is the same as section 5 of our present Constitution, was against the issue of warrant of arrest without an affidavit, and not against the making of an arrest without a warrant. That case was cited approvingly in *Ex parte Thomas,* 100 Ala. 102, 13 South. 517, and we know of no case in which there has been any departure. There being no constitutional prohibition, state or federal, it is undoubtedly within legislative competency by statute to authorize an officer to make an arrest without a warrant for either a felony or misdemeanor, whether the offense be one committed in or out of the presence of the arresting officer.

Section 25 of the charter of Bessemer (Loc. Laws 1900-01, pp. 444-462), authorized and empowered the municipality by ordinance to empower the police officers of the city "to make arrests either with or without warrant." In pursuance of this power conferred by the charter an ordinance was duly passed authorizing the police officers to make arrests without warrant. There is no conflict between this provision of the charter as to making arrests and the general statute (section 5211 of Code of 1896). The general statute authorizes arrests without warrant in case of felony, though not committed in the presence of the officer. By the charter provision in question the Legislature merely extended

[Oates v. The State.]

the authority of making arrests by police officers within the police jurisdiction of the municipality to cases of misdemeanor, and this we think the Legislature had the unquestioned right to do.

What we have said above sufficiently indicates the errors committed in the rulings of the trial court, and will likewise be a sufficient guide for the purposes of this case on another trial.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.