(77 South. 465)

RHODES v. McWILSON.  (6 Div. 237.)

(Court of Appeals of Alabama.  Nov. 20, 1917. Rehearing Denied Jan. 15, 1918.)

1. ARREST ⊚≈63(1) — POLICE OFFICERS — AUTHORITY.

Birmingham City Code, § 839, declares that it shall be the duty of the chief of police and every policeman to arrest without warrant all persons against whom there is a charge made by any citizen for violating any city or state law. Const. 1901, § 7 declares that no person shall be accused or arrested or detained, except in cases ascertained by law, and according to the forms which the same has prescribed.  Code 1907, §§ 6703, 6737, authorize one citizen to prefer a misdemeanor charge against another citizen by filing an affidavit in writing, and section 1221 makes such procedure applicable to prosecutions for misdemeanors before the recorders of cities and towns.  A police officer of the city of Birmingham arrested plaintiff on mere verbal charge by another citizen that plaintiff had trespassed on land when in fact plaintiff was merely entering on his own property.  *Held,* that the Birmingham charter must be construed as allowing an arrest without warrant by a police officer only when a criminal charge has been preferred in the manner prescribed by law, the purpose being to allow any officer to arrest without requiring each one to be armed with a warrant, this conclusion being strengthened by Code 1907, § 6269, authorizing arrests without warrant upon a charge made on reasonable cause that the person arrested was guilty of a felony, and Const. 1901, § 89, declaring that the Legislature shall not have power to authorize municipal corporations to pass any laws inconsistent with the general laws of the state as well as act of August 13, 1907 (Laws 1907, p. 790), conferring on municipalities power to adopt ordinances and resolutions not inconsistent with state laws.

2. APPEAL AND ERROR ⊚≈1056(4)—REVIEW—HARMLESS ERROR.

Where the verdict for wrongful arrest was only $19 and a few cents, the exclusion of testimony that defendant, a police officer, has consulted an attorney as to his right to make the arrest was harmless, if erroneous.

Bricken, J., dissenting.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Thomas McWilson against J. Turner Rhodes.  From a judgment for plaintiff, defendant appeals.  Affirmed.

Horace C. Wilkinson, of Birmingham, for appellant.  F. M. Lowe, of Birmingham, for appellee.

BROWN, P. J.  The special pleas appearing in this record were before the Supreme Court on the first appeal (192 Ala. 675, 69 South. 69), and the demurrers appearing in this record were interposed to these pleas on the first trial and were sustained by the court.  On the former appeal, the rulings of the trial court on the demurrers were assigned as error.  In disposing of the case, the court said:

"We have treated either generally or with particularity all of the propositions insisted upon in brief of counsel, and what has been said should be a sufficient guide for the trial court upon another trial."

The sufficiency of the pleas was not treated, and we assume from this statement in the opinion of the court that counsel for appellant did not then consider the assignments predicated on the rulings of the court on the demurrers to these pleas seriously. The case of Childers v. State, 156 Ala. 96, 47 South. 70, was a prosecution for an assault and battery, and the only question decided in that case was:  First, that the inhibition in section 5 of the present Constitution "was against the issuance of a warrant of arrest without an affidavit, and not against making an arrest without warrant"; and, second, that the charter of the city of Bessemer authorized and empowered the municipality by ordinance to confer upon the police officers of the city authority to make arrests either with or without warrant; that in pursuance of this power conferred by the charter an ordinance was duly passed, authorizing the police officers to make arrests without warrant; and, third, that there was no conflict between the provisions of the charter as to making arrests and the general statutes (section 5211 of the Code of 1896).

[1] Appellant's pleas of justification are predicated on the provision of section 839 of the Code of the City of Birmingham of 1905, providing:

"It shall be the duty of the chief of police and every policeman to arrest without warrant all persons found violating any ordinance of the city, or whom he has reason to believe has violated any city ordinance or *against whom there is a charge made by any citizen for violating any city or state law,*" etc.

There is no contention that the plaintiff was arrested for an offense committed in the presence of an officer, or, when arrested, was found violating any ordinance of the city or law of the state, or that the arresting officer had reason to believe that he had violated any such law or ordinance.  In fact, the undisputed evidence shows that the plaintiff had merely gone into possession of his own property, at a time when there was no one in the actual possession thereof, and that he was not guilty of any offense against the laws of the state of Alabama or the city of Birmingham.  In fact, the evidence shows an effort on the part of the defendant, by a threat of criminal prosecution, to deter the plaintiff from asserting a right to his own property.  See report of former appeal, 192 Ala. 675, 69 South. 69, supra.

The contention of the appellant is that a mere verbal accusation made to a police officer by one citizen against another is sufficient to bring this case within the provision of the city code authorizing a police officer to arrest without warrant "when there is a charge made by any citizen for violating any

city or state law." So the question is not whether it is within legislative competency to confer on a municipal corporation power to pass an ordinance authorizing its police to arrest without warrant for an offense not committed in the presence of the officer, but (conceding for the sake of discussion that the charter of the city of Birmingham as embodied in the acts of the Legislature of 1898–99 [Loc. Acts 1898–99, p. 1391] are still in force) whether or not the legislative body of the city of Birmingham, under the provision in that charter conferring upon said body power "to pass all laws necessary and proper for the arrest, with or without warrants, of any person against whom there is a *charge made* by any citizen for violating any city or state law," may authorize the arrest of a citizen on the mere verbal charge to a police officer. In other words, what interpretation should be placed by the court upon the clause in the ordinance as embodied in section 839 of the City Code, authorizing the arrest without warrant of any person *"against whom there is a charge made by any citizen for violating any city or state law."* It will be noted that this clause in the ordinance follows substantially the language of the charter, and that it relates to charges made under the state law as well as the city laws, and must be interpreted in the light of the provisions of the Constitution and the laws of the state and city relating to the manner of preferring charges for violating the criminal laws. The Constitution provides "that no person shall be accused or arrested, or detained, except in cases ascertained by law, and according to the form which the same has prescribed." Constitution 1901, § 7.

At the time this act was passed, the only way provided for one citizen to prefer a criminal charge against another for misdemeanors was embodied in section 4600 of the Code of 1896, providing:

"A party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest; and, upon making affidavit in writing, that he has probable cause for believing, and does believe that an offense (designating the misdemeanor by name, or by some other phrase which, in common parlance, designates it), has been committed in said county by C. D. (naming the offender), on the person (or property, as the case may be) of A. B. (naming the person injured), then the judge of said court, or justice * * * shall issue his warrant of arrest."

The provisions of this section were made applicable to proceedings before justices of the peace by 4634 of the Code of 1896. These statutes were brought forward and preserved in the Code of 1907 as sections 6703 and 6737, and by the provisions of section 1221 of the Code of 1907, section 6703 was made applicable to prosecutions for misdemeanors before the recorders of cities and towns.

We find that section 838 of the City Code authorizes a like procedure for bringing a charge for violating the city laws. In the case of Sanders v. Davis, 153 Ala. 381, 44 South. 979, the Supreme Court says:

"In a case of action for false imprisonment, the defendant interposed a special plea, setting up an arrest by a policeman 'having reasonable cause to believe that plaintiff was guilty.' In support of the plea the argument was made that the arrest, having been made by the officer on reasonable cause, was a lawful arrest, and, the defendant having caused it, his liability was for malicious prosecution, and not for false imprisonment. This court said that the vice of the argument was in supposing that the rightfulness or lawfulness of the officer's act could be predicated upon the command or direction of another procuring him to do the act, and that, 'if he acts by the command or direction of another, and arrests and imprisons one upon a charge of a felony which has not been committed, or, if committed, the party commanding the arrest had no reasonable cause to believe was committed by the person arrested, the act is unlawful on the part of the officer himself, as well as the person who procured it.' Rich v. McInerny, 103 Ala. 345, 355, 356, 15 South. 663, 49 Am. St. Rep. 32. While the expressions of the court in the foregoing case are not entirely clear to the writer, yet they seem to present the dilemma that, if the officer acted on the command or direction of another, who had no 'reasonable cause,' then the arrest was illegal, and consequently false imprisonment was the remedy; while, on the other hand, if the party upon whose command or direction he acted had 'reasonable cause,' then the arrest would be legal and valid, so that false imprisonment would not lie, nor could the party causing the arrest be held for malicious prosecution, because he had 'probable cause.' If this be the reasoning of the court, then the result is that a party instigating an arrest without a warrant can be made liable only in an action of false imprisonment only, and not in an action of malicious prosecution. The court, in that case, was dealing only with an arrest made on the verbal direction of the defendant, and the defendant was seeking to justify the arrest on the ground that the policeman had reasonable cause to believe that the plaintiff was guilty. It is probable that, under the last clause of the statute, if a regular formal charge should be made by affidavit, stating that the affiant has reasonable cause to believe, etc., the fact of his really having, or not, reasonable cause, would not be the test of the legality of the arrest. This court has held that, where a warrant of arrest was issued by a justice of the peace in one county, and sent to another, where the arrest was made without the indorsement by a justice of that county, as required by statute, although it was without force as a warrant in the latter county, yet it was sufficient, as a 'fact that a charge had been made on reasonable cause,' to make the arrest valid. Ex parte Smotherman, 140 Ala. 168, 171, 37 South. 376. *But, however that may be a count for malicious prosecution should at least aver that the defendant had made such a formal charge as would have justified the officer to make the arrest based on that charge, and it is not sufficient to aver merely that the defendant caused the plaintiff to be arrested under a charge made verbally to a policeman.*" (Italics supplied.)

An examination of the statute under consideration in that case, now section 6269 of the Code of 1907, shows that it authorized arrest without warrant "on a charge made, upon reasonable cause, that the person arrested has committed a felony," almost the identical language used in the charter of the city of Birmingham, and the ordinance embodied in section 839 of the City Code. We

therefore hold that the provisions of the ordinance authorizing police officers to arrest persons "against whom there is a charge made by any citizen for violation of any city or state law" only authorizes such arrest when a charge is preferred as required by law, before a judicial officer authorized to take affidavits, and that such charge must be in writing, supported by oath, and must show probable cause. Cunningham v. Baker, Peterson & Co., 104 Ala. 160, 16 South. 68, 53 Am. St. Rep. 27.

The answer to the argument made in the dissenting opinion that this construction will retard the enforcement of the criminal laws against offenders in congested communities like the city of Birmingham is, as said by the Supreme Court in Sanders v. Davis, supra, "This extraordinary power given to officers, being in derogation of the common law, must be strictly construed." Furthermore, after a charge is made before the proper authority, the entire police force of the city may act thereunder and arrest the offender wherever he may be found. The clear purpose of the authority granted to the city is to do away with the necessity of each officer having a warrant in his possession. Adams v. State, 175 Ala. 8, 57 South. 591.

Moreover, if the construction of the ordinance and the provisions of the charter as embodied in the Acts of 1898–99, contended for by the appellant, should be adopted, to wit, that the ordinance authorizes the arrest of a person on the mere ipsi dixit of another, then it would follow that the provisions of the charter and the ordinance are inconsistent with the general laws of the state. Sanders v. Davis, supra; Cunningham v. Baker, Peterson & Co., supra; Deason v. Gray, 192 Ala. 611, 69 South. 15; Adams v. State, 175 Ala. 8, 57 South. 591; Ezzell v. State, 13 Ala. App. 156, 68 South. 578. Therefore, in conflict with section 89 of the Constitution of 1901, and the acts of August 13, 1907, which conferred on municipal corporations power to adopt ordinances and resolutions "not inconsistent with the laws of the state," and repealed all laws, both general and special, in conflict therewith. Acts 1907, p. 830, § 80; page 892, § 200; Code 1907, § 1251; Gambill v. Schmuck, 131 Ala. 321, 31 South. 604. By ordinance approved August 29, 1907, the mayor and aldermen of the city of Birmingham organized the city government, under the provisions of the act approved August 13, 1907, and declared therein:

"It being and is the intent and purpose of this ordinance to accept and adopt the provisions of said act referred to in section 1 of this ordinance, approved on August 13, 1907, and to carry same into effect immediately upon the passage of this ordinance"

—and by section 3 of said ordinance it is provided:

"Be it further ordained that all ordinances and parts of ordinances in conflict with the provisions of this ordinance be and the same are hereby repealed, and that all ordinances of the city of Birmingham heretofore passed and now in force not inconsistent with the provisions of said act be and the same are hereby continued in effect."

The result of this ordinance was to adopt the general law of the state as embodied in the act above referred to, as a charter of the city of Birmingham, and to repeal all ordinances in conflict with the acts of August 13, 1907 (Baader v. City of Cullman, 115 Ala. 539, 22 South. 19), and therefore to repeal the provisions of section 839 of the Code of the city of Birmingham, in so far as it was in conflict with said act.

Under the facts averred in the several pleas of justification, the arrest was not authorized by law, and the demurrers were properly sustained. Furthermore, it appears from the record on this appeal, as well as from the report of the case on the former appeal, that the facts attending the plaintiff's arrest were fully developed, that the only justification for his arrest was the assertion of the defendant to the arresting officers that he had trespassed on the property in question, which is shown to be the plaintiff's own property, that no charge was made as required by law, and that if a proper plea of justification had been filed it could not have been proven.

[2] If it was error for the court to reject the proposed proof that the defendant consulted an attorney, it is clearly error without injury, in view of the verdict rendered in this case being only for $19 and some few cents. Furthermore, we are of opinion that the statement of the proposed evidence was not sufficient, in that it does not show that the attorney consulted was a reputable attorney, learned in the law.

There is no error in the record, and the judgment must be affirmed.

Affirmed.

SAMFORD, J., concurring.

BRICKEN, J. (dissenting). The case of Childers v. State, 156 Ala. 96, 47 South. 70, seems to be decisive of the appeal in this case. The writer cannot assent to the opinion of the court, and on account of the importance of the question feels bound to state the reasons for his dissent. In the Childers Case, supra, the defendant filed a plea of justification, alleging an arrest without a warrant and on a verbal complaint in accordance with the ordinances of the city of Bessemer authorizing and empowering its police officers to arrest without a warrant, which ordinances were adopted under a charter provision of the city of Bessemer. The charter of the city of Bessemer referred to was an act of the Legislature approved December 13, 1900, and reads as follows:

"Sec. 29. Be it further enacted that the mayor and aldermen of the city of Bessemer shall have full and complete power, jurisdiction and authority. * * * 26. To pass all laws neces-

sary and proper for the arrest, with or without warrants, of any person against whom there is a charge made of violating the city or state laws, and to confine such person until duly discharged by law, and to make all needful provisions for the issuance and execution of such warrants."

The trial court sustained a demurrer to the plea of justification, and denied the defendant the right to make proof of a verbal complaint upon which to base the arrest. The arrest, under the circumstances, constituted the alleged assault and battery upon which the defendant was tried. In that case, the court said:

"In pursuance of this power conferred by the charter, an ordinance was duly passed, authorizing the police officers to make arrests without warrant. There is no conflict between this provision of the charter as to making arrests and the general statute (section 5211 of the Code of 1896). The general statute authorized arrests without warrant in case of felony, though not committed in the presence of the officer. By the charter provision in question the Legislature merely extended the authority of making arrests by police officers within the police jurisdiction of the municipality in cases of misdemeanor, and this, we think, the Legislature had the unquestioned right to do."

The case was reversed, and the cause remanded. The necessary effect of this ruling is to establish the validity, not only of the charter provision, but also the ordinance, and to sanction the arrest of a citizen by a police officer upon a verbal complaint.

In this case the plea of justification is based upon a similar charter power, an ordinance of the city of Birmingham, authorizing an arrest by a police officer upon a charge made by a citizen. A former appeal in this case will be found reported in 192 Ala. 675, 69 South. 69. In that case the Supreme Court said:

"Section 839 of the City Code of Birmingham, authorizing arrest by officers without warrants in certain cases not authorized by any state laws, was not admissible in evidence to show a lawful arrest of plaintiff in the absence of a plea of justification. We do not hold that it would have been inadmissible under an appropriate plea."

It will thus be seen that the Supreme Court of Alabama has recognized the validity of this section of the City Code of Birmingham. In response to the suggestion of the court a plea of justification was filed on the last trial, and error is assigned upon the ruling of the court in sustaining the demurrer to such plea.

Under the Municipal Code (section 1251 of the Code of 1907) express power is conferred upon municipal corporations to adopt ordinances and resolutions not inconsistent with the laws of the state, "to provide for the safety, preserve the health, promote the prosperity, improve the morals, order, comfort and convenience of the inhabitants of the municipality, and to enforce obedience to such ordinances by fine." Under the powers here conferred, the city of Birmingham, as a municipal corporation, unquestionably had the right to pass the ordinance which was offered to be introduced in this case, making it a penal offense for "any person, who without legal cause or good excuse, enters into the dwelling house or goes on the premises of another after being warned not to do so."

It also appears from the record that the defendant offered in evidence, which was also excluded, an ordinance of the city of Birmingham, making it "the duty of the chief of police and every policeman to arrest, without warrant, all persons found violating any ordinance of the city, or whom he has reason to believe has violated any city ordinance or against whom there is a charge made by any citizen for violating any city or state law." The court takes judicial knowledge of this ordinance (Acts 1915, p. 297), and if there was error in excluding it, it was error without injury. If this ordinance was valid, the action of the court in sustaining a demurrer to the plea of justification was error which must result in a reversal of the case, unless the defendant had the benefit of all of its averments upon the plea of the general issue, and unless the evidence introduced should show that the plea could not be proven. Under the charter power contained in the act of February 23, 1899, the city of Birmingham was authorized to enact the ordinance referred to, unless it violates some constitutional provision, or is inconsistent with the general laws of the state, as that term is understood. The only constitutional provision that could possibly have any bearing upon the validity of the ordinance is section 89, which inhibits the Legislature from authorizing any municipal corporation to pass any law inconsistent with the general laws of the state. That section, however, has no application here, since it is not a limitation upon the power of the Legislature in conferring police powers on municipal corporations. Ward v. Markstein, 196 Ala. 209, 72 South. 41–44; Ex parte Cowert, 92 Ala. 94–101, 9 South. 225; Gambill v. Endrich, 143 Ala. 506, 39 South. 297.

A majority of the court hold that the provision of the Birmingham charter (Acts 1898–99), authorizing that municipality "to pass all laws necessary and proper for the arrest, with or without warrants, of any person against whom there is a charge made by any citizen for violating any city or state law," must be construed as conferring the power only of providing for arrests without warrant when a charge in writing is made before a judicial officer authorized to take affidavits, and that such charge must be supported by oath and must show probable cause, and that any other construction would render the charter violative of section 7 of the Constitution as well as the guaranty that no person shall be deprived of his liberty except by due process of law. They further hold that the ordinance passed un-

der such power (section 839 of the City Code of 1905) must receive a like construction, else it would be invalid because of the constitutional objections mentioned, and also because inconsistent with the general laws of the state. The writer does not think that such a construction of the charter and ordinance is required to save them from such objections, but that the Legislature, as it was competent for it to do, intended to confer the power upon the city of Birmingham to provide for arrests for infractions of both city and state laws, misdemeanors included, upon a verbal charge made by a citizen against the person arrested, and that the ordinance conferred such power upon the policemen of the city of Birmingham, and is not on that account inconsistent with the laws of the state in any objectionable sense.

It is settled that no provision of the Constitution prohibits the passage of a law authorizing arrests without a warrant. Williams Case, 44 Ala. 41; Floyd Case, 82 Ala. 23, 2 South. 683; Ex parte Thomas, 100 Ala. 101, 13 South. 517; Jones Case, 100 Ala. 88, 14 South. 772; Childers v. State, 156 Ala. 96, 47 South. 70. It is the issuance of a warrant without probable cause that is prohibited by that instrument, and not an arrest without a warrant. Authorities supra. The validity of sections 6267 et seq. of the Code of 1907, authorizing arrests without warrant, is beyond question, and there is no constitutional objection to a statute which extends the authority of making such arrests to misdemeanors and quasi misdemeanors, whether committed in the officer's presence or not. Childers v. State, 156 Ala. 96, 47 South. 70, supra; Sherrod v. State, 197 Ala. 286, 72 South. 540; Brooks v. State, 155 Ala. 78, 46 South. 491.

While it is true that the adoption by the city of Birmingham of the Municipal Code Act (Acts 1907, p. 830) had the effect of repealing all charter provisions and ordinances in so far as they were in conflict therewith, yet said act and its adoption by the city of Birmingham did not result in the repeal of any charter provision which was not in conflict therewith, or any ordinance which was within such surviving charter provision. The municipal Code law itself limits its repealing effect to those laws and ordinances which were in conflict with its terms, and hence was not intended as a substitution of all laws on the subject. See section 200, Acts 1907, p. 892; 36 Cyc. 1081; 23 Am. & Eng. Encyc. Law (1st Ed.) p. 477; Railroad Co. v. Schmuck, 181 Ind. 323, 103 N. E. 325; Ascher v. Moyse, 101 Miss. 36, 57 South. 299. The Supreme Court held in Sloss Co. v. Smith, 175 Ala. 260, 57 South. 29, that after the adoption of the municipal Code law, all provisions of the Birmingham charter were in force and effect save those in conflict with that act. Section 10 of the Code of 1907, in which appears the Municipal Code Act, pre-

serves all local, private, and special statutes, which includes charters of cities, and section 1451 recognizes the continued existence of charter, and the Legislature, by the enactment in 1915 known as the Five Commission Bill, reiterates the existence of the Birmingham charter, and preserves the powers then possessed by virtue of its charter. Acts 1915, pp. 789–793. The Municipal Code Act contains no reference whatever to arrests, and therefore the pertinent provision of the charter is not in conflict with that act and is not repealed.

The majority argues that since the Municipal Code Act limits the power to pass ordinances to such as are not inconsistent with the laws of the state, and since the ordinance under review is inconsistent with the general statute (6269 of the Code of 1907), therefore the ordinance is invalid. The argument overlooks the fact that the pertinent unrepealed provision of the charter is as much a state law as the general statute is, and, being consistent with that provision, is not "inconsistent with the laws of the state." Furthermore, where an ordinance is passed by virtue of special power conferred by a charter, it is no objection that such ordinance is inconsistent with other general statutes. It is competent for the Legislature to classify the field of operation of general statutes. McQuillin, Municipal Ord. 17; Little v. City of Attalla, 4 Ala. App. 287, 58 South. 949; Ex parte Rowe, 4 Ala. App. 254, 59 South. 69; City of Montgomery v. Barefield, 1 Ala. App. 515, 56 South. 260; Childers v. State, 156 Ala. 96, 47 South. 70; Ex parte Cowert, 92 Ala. 94, 9 South. 225. "The modes of procedure customary and suitable in the rural districts to prevent and punish offenses against person and property are utterly inadequate to the purpose, where men are congregated in the dense masses of the cities. * * * These laws, i. e., those dealing with that situation, though peculiar to the municipality which enacts and enforces them, and though different from other general laws of the state applicable to all the people of the state, have never, for such reasons, been supposed to be invalid." McQuillin, Mun. Ord. 17, note 24. The charter provision referred to is therefore still in force, and the ordinance by which the power there given is exercised violated no constitutional provision, and is not inconsistent with the laws of the state.

Under section 6269 of the Code of 1907, which existed in the same language as section 5211 of the Code of 1896 when the Birmingham charter was enacted, police and officers are given the right to arrest without warrant for a public offense committed or breach of the peace threatened, in their presence, and also, in case of a felony, upon a charge made upon reasonable cause. If the Legislature did not intend to enlarge the powers in that regard of police officers of Birmingham, there would have been no oc-

casion for any legislation on that subject in the charter. It is obvious that the Legislature did not intend that the charter provision should be the full expression of authority in police officers of Birmingham to arrest without warrant, because in the charter no right is conferred to arrest without warrant for an offense committed in their presence, a right existent even at common law. Manifestly, then, the Legislature intended that such officers should have all the powers conferred by section 6269 of the Code, and in addition thereto those authorized in the charter. It is important to note, then, the differences between that section of the Code and the mentioned charter provision, remembering that the Legislature had the former in mind when writing the latter. It being evident that the Legislature intended to confer additional power to arrest without warrant on policemen of Birmingham than that contained in the general statutes, such intention becomes a part of the law, and any construction of it must take account of that principle. Davis v. Thomas, 154 Ala. 279, 45 South. 879; Birmingham v. Southern Express Co., 164 Ala. 529, 51 South. 159; Preist v. State, 5 Ala. App. 171, 59 South. 318; Tate v. Cody Co., 11 Ala. App. 350, 66 South. 837; Thomason v. Court of Com., 184 Ala. 28, 63 South. 87.

Under the Code of the state, an officer has authority to arrest without warrant "upon a charge made, upon reasonable cause, that the person arrested had committed a felony," and under the ordinance which follows the charter a policeman may arrest "any person against whom there is a charge made by a citizen for violating any city or state law." It will be noted that the quoted clause of the statute confers such right of arrest in cases of felony only, while the charter authorizes an extension of such right to 'cases of misdemeanor and violations of city ordinances. It will be further noted that under the Code the charge must be made upon reasonable cause, which limitation is omitted from the charter. The majority hold that the charter has the effect of extending the right to arrest, without warrant upon charge made, to cases of misdemeanor, but hold that even in that case the charge must be in writing and must show probable cause. To so hold is to read such requirement into the charter when the Legislature certainly did not write it there and evidently intentionally omitted it.

In Rich v. McInerny, 103 Ala. 345, 15 South. 663, 49 Am. St. Rep. 32, the Supreme Court held that where an arrest was made by an officer under section 4262 of the Code of 1886 (section 6269 of the Code of 1907) upon a verbal command or direction of another, there must exist reasonable cause of belief concurring with the person's command or direction to make the arrest. The test of the legality of the arrest was held to be the existence or not of reasonable cause of belief on the part of the person verbally making the charge, and no objection was found in the fact that the charge was made orally rather than by written affidavit.

In Sanders v. Davis, 153 Ala. 375, 44 South. 979, the court again considered a case arising from an arrest under what is now section 6269 of the Code upon a verbal charge made to an officer, and thus interpreted the holding in Rich v. McInerny, supra:

"If the officer acted on the command or direction of another who had no reasonable cause, then the arrest was illegal, * * * while on the other hand, if the party upon whose command or direction he acted had reasonable cause, then the arrest would be legal and valid."

Thus in that case also the test was held to be the existence vel non of reasonable cause, and not the existence vel non of an affidavit. The court in the Sanders Case, supra, further said:

"It is probable that under the last clause of the statute, if a regular formal charge should be made by affidavit, stating that the affiant had reasonable cause to believe, etc., the fact of his having or not having reasonable cause would not be the test of the legality of the arrest"

—but in the absence of such formal charge, reasonable cause is the test, and not the existence, of a written charge. The ordinance attempted to be introduced in evidence in that case did not contain the clause now under review. And so, since no affidavit in writing is required under the last clause of section 6269 to authorize an arrest upon a "charge made," neither is such affidavit necessary under the ordinance to authorize an arrest upon a "charge made."

The situation in respect to the enforcement of ordinances in a populous city, and the apprehension and punishment of offenders is widely different from that which exists in rural districts. "The modes of procedure customary and suitable in rural districts to prevent and punish offenders against person and property are utterly inadequate to the purpose where men are congregated in the dense masses of the cities." McQuillin, Mun. Ord. 17, note 24.

Doubtless the Legislature recognized this fact when it wrote, as it was competent to do, into the charter of the city of Bessemer the authority to clothe its policemen with power to arrest without warrant for offenses, misdemeanors and quasi crimes included, not committed in their presence, and this with or without a charge having been made. Childers v. State, supra; Sherrod v. State, 197 Ala. 286, 72 South. 540. The Legislature intended to facilitate the apprehension of offenders and the enforcement of the law in Birmingham also by dispensing with some of the formalities required in sparsely settled communities. To hold that it is necessary, before an arrest is authorized, for the complaining citizen to appear before a designated judicial officer and make formal complaint by written affidavit, regardless of the

necessity for the prompt apprehension of the offender, will amount in many, if not most, instances to an effectual obstruction to the enforcement of law, and enable such offenders to make an easy escape by losing themselves in the throng and finding unsuspicious hiding in some of the many convenient places in the city. To place such construction upon the charter and ordinances of a city of the size of Birmingham where dozens of arrests must be made each day would be to defeat the manifest intention of the Legislature, fetter the vindication of the law, and render far more difficult the preservation of the peace, good order, property, health and comfort of the citizens. And it is proper to consider the effect of such a construction of the statute. Worthen v. State, 189 Ala. 395, 66 South. 686.

In Cunningham v. Baker, 104 Ala. 160, 16 South. 68, 53 Am. St. Rep. 27, cited in the majority opinion, neither was the arrest demanded or requested, nor was a charge of any kind made in any manner. The arrest, for that reason, was unauthorized by section 6269 of the Code.

In Gambill v. Schmuck, 131 Ala. 321, 31 South. 604, also relied on by the majority, the court held that the ordinance was invalid because it attempted to authorize arrests without warrant, regardless of whether a charge was made or not, and so was beyond the charter power in that regard.

The Deason, Adams, and Ezell Cases, cited in the majority opinion, announce no new principle, but are merely declaratory of the plain meaning of section 6269 of the Code, and are not in conflict here.

The majority hold that because the charter deals with arrests for violation of state as well as city laws, it must be construed to contemplate that all steps will be taken as are required for the issuance of a warrant of arrest by a state tribunal. The conclusion drawn is a non sequitur. It would seem more logical to hold that since the charter deals with arrests by policemen and primarily for a violation of city ordinances, the Legislature contemplated the more suitable and less formal method usually followed in making charges to policemen in cities preliminary to a prosecution in a police court where the proceedings are more or less informal. McKinstry v. Tuscaloosa, 172 Ala. 344, 54 South. 629; Brooks v. State, 155 Ala. 78, 46 South. 491; Turner v. Lineville, 2 Ala. App. 454, 56 South. 603.

For the reasons stated, the writer is of the opinion that plea 5 was not subject to the demurrer interposed to it, and for the error in sustaining that demurrer the case should be reversed and the cause remanded.

The writer is of the opinion that there is merit also in assignments of error 40 and 41. These assignments are based upon the ruling of the court in declining to allow the defend-ant to show that he acted on advice of counsel in causing plaintiff to be arrested. Two counts of the complaint charged that the defendant maliciously and without probable cause caused the plaintiff to be arrested and imprisoned; the evidence offered was offered under these two counts, and in my opinion was clearly admissible under two theories, viz.: First, in mitigation of, or to prevent the assessment of punitive damages; second, as a complete defense to the third and fourth counts of the complaint, which charge malice and want of probable cause in instigating the prosecution. And it is clearly admissible whenever intention is involved as an element of aggravation. Oates v. Bullock, 136 Ala. 537, 33 South. 835, 96 Am. St. Rep. 38.

The advice given to defendant by counsel may be evidence of his good faith, when it appears that the facts and evidence known to the defendant had been fully and fairly laid before such counsel. 11 R. C. L. 323.

Malice is not an essential element of false imprisonment, and its existence or nonexistence is immaterial, except to increase or mitigate the damages, and the Supreme Court of this state has held that:

"Advice of counsel constitutes a complete defense to a charge that the act complained of was done maliciously and without probable cause." O'Neal v. McKinna, 116 Ala. 606, 22 South. 905; McLeod v. McLeod, 73 Ala. 42.

For these reasons also the writer is of the opinion that the judgment of the lower court should be reversed, and the cause remanded.