[Gambill v. Schmuck.]

# Gambill v. Schmuck.

131  321
140  553
140  554

## Action for False Imprisonment.

1. *False imprisonment; plea; demurrer.*—In an action for false imprisonment, where the complaint alleges that the defendant maliciously and without probable cause unlawfully arrested and imprisoned the plaintiff, and the defendant pleads that he was a license collector, and as such officer was vested with the power of arresting persons who violate the license laws, that he arrested plaintiff for violating the law, and that he had probable cause to believe that plaintiff was guilty, such plea is bad and subject to demurrer on the ground that the plea fails to deny malicious arrest, that the act of plaintiff was a misdemeanor, and the plea does not show that it was committed in the presence of defendant, and that the plea fails to show any offense committed by plaintiff.

2. *Same; same; same.*—In an action for false imprisonment, where the complaint alleges that the defendant maliciously and without probable cause unlawfully arrested and imprisoned plaintiff, and the defendant pleads that he was a license tax collector, that he arrested plaintiff in the exercise of his duty, that he had probable cause to believe that plaintiff was guilty of selling liquor contrary to law, such plea is bad and subject to demurrer on the grounds that there is no law to authorize a tax collector to make arrests without warrant, that the plea does not allege that the offense was committed in the presence of defendant, and that it fails to set forth any facts constituting probable cause.

3. *Same; same; same.*—In an action for false imprisonment, where the complaint alleges that the defendant maliciously and without probable cause, unlawfully arrested and imprisoned the plaintiff, and defendant pleads that he was license and policeman tax collector, that it was his duty as said officer, and he had a right as a citizen, to arrest those whom he had reason to believe were violators of the law, that his duty was set forth in the city code and ordinances, that he had probable cause to believe plaintiff guilty of selling liquor at a certain place in the city, and that he requested a policeman to arrest plaintiff; such plea is bad,

[Gambill v. Schmuck.]

and subject to demurrer on the grounds that the mayor and aldermen had no authority to pass such an ordinance as that set out in the plea; that the ordinance is void in that it is unreasonable in authorizing the arrest of a citizen for a misdemeanor not committed in the presence of an officer; that the plea does not show that the offense was committed in the presence of the defendant; that the ordinance set out in the plea is without charter authority; that the plea shows that the arrest was made when no law was violated in the presence of defendant; and that the plea does not set forth facts constituting probable cause.

4. *Malice; what required for recovery of punitive damages; charge.*—In an action for false imprisonment, a charge which instructs the jury that the malice required for the recovery of punitive damages need not amount to ill will, hatred, or vindictiveness, but is sufficient if defendant is guilty of wanton disregard of the rights of plaintiff, is not erroneous.

5. *Charge to jury.*—In an action for false imprisonment, where the plaintiff was arrested on the charge of selling liquor without a license, it is not error to charge the jury that offering to do business, though not doing business, is not engaging in business.

6. *Same.*—In an action for false imprisonment, where plaintiff had been arrested for selling liquors without a license, it is not error to charge the jury that intending to sell beer is no offense, and an arrest for such intention is unlawful.

7. *Same.*—In an action for false imprisonment, where the plaintiff was arrested without a warrant for selling liquors without a license, and the evidence is in conflict as to whether the act was committed in the presence of the party arresting, it is not error to charge the jury that a good reason to believe that the plaintiff had committed the offense is no excuse for making the arrest, and does not make the arrest lawful.

8. *Same.*—In an action for false imprisonment, where plaintiff was arrested without a warrant for selling liquor without a license, in violation of an ordinance, and the evidence is in conflict as to whether the act was committed in the presence of the party arresting, and the first count of the complaint alleges that defendant maliciously and without probable cause arrested and imprisoned the plaintiff, and the defendant pleads, in substance, that the arrest was made in the exercise of his duty, and that he had reason

[Gambill v. Schmuck.]

to believe the plaintiff was guilty, the affirmative charge as to this count, when requested by the defendant, is properly refused.

9. *Same.*—In such a case, where the second count alleges that the defendant unlawfully arrested and imprisoned plaintiff, and defendant pleads in substance, that the arrest was made in the exercise of his duty, and that he had reason to believe that plaintiff was guilty, the affirmative charge as to that count, requested by defendant, is properly refused.

10. *Same.*—In such a case, where the complaint alleges that the defendant maliciously and without probable cause unlawfully arrested and imprisoned the plaintiff, and defendant pleads, in substance, that the arrest was made in the exercise of his duty, and that he had reason to believe that the plaintiff was guilty, the affirmative charge, requested by the defendant, is properly refused.

11. *Same.*—In an action for false imprisonment, where the plaintiff was arrested for violating section 323 of the City Code of Birmingham, which provided that any person who shall engage in any business for which a license is required, before having obtained a license, shall, upon conviction be fined or imprisoned, a charge which instructs the jury that to constitute a violation of section 323 an actual sale of beer is not necessary, is erroneous and properly refused.

12. *Same.*—In an action for false imprisonment, where the plaintiff and a companion were found in a tent with a keg of beer and glasses, and there was evidence that they were prepared to sell, and that plaintiff had license to sell at another place in the city, a charge which instructs the jury that if plaintiff and his companion were ready and intended to sell beer, but were prevented from selling by arrest before an opportunity to sell came, and if they had no license to sell at that place, they were guilty of violating the license ordinance, which authorized the sale only at the place designated by the license, is erroneous and properly refused.

13. *Same.*—In such a case, where plaintiff was arrested without a warrant, a charge which instructs the jury that if the plaintiff and his companion were engaged in the business of selling beer at the time and place charged, without a license, they must find for the defendant, is erroneous and properly refused.

14. *Same.*—In such a case, where plaintiff was arrested without a warrant, a charge which instructs the jury that if the plaintiff assisted his companion in the business of selling

beer at the time and place charged, and that his compan-
ion did so carry on said business, and that his companion
had no license to sell at that place, the verdict should be
for the defendant, is properly refused.

15. *Arrest without warrant; authority of city to pass ordinance.*
Where the legislature confers upon a city the power to pass
all laws necessary and proper for the arrest with or with-
out warrants of any person against whom there is a charge
made by any citizen, an ordinance that undertakes to author-
ize such arrests in all cases, regardless of whether charges
have or have not been made, is beyond corporate capacity,
and void. •

APPEAL from the City Court of Birmingham.
Tried before the Hon. CHARLES A. SENN.

This was an action for false imprisonment brought by
the appellee against the appellant. The averments of
the complaint are sufficiently stated in the opinion.

The defendant pleaded the general issue and the fol-
lowing special pleas: "3. Comes the defendant and
for further plea in this behalf says the plaintiff ought
not to have and recover any sum in this cause, because
he says that he was the license collector of the city of
Birmingham, Alabama, at the time alleged in the com-
plaint and was vested with the power as such officer
of arresting persons who violated the license laws of
the city of Birmingham, and defendant alleges that he
arrested plaintiff for violating the laws of the
city of Birmingham, which prohibited engaging in
or carrying on business without license; that he had
probable cause for believing and did believe said plain-
tiff was guilty of said offense; wherefore, he says plain-
tiff ought not to have and recover," etc. "4. Comes the
defendant and for further plea in this behalf says that
plaintiff ought not to have and recover any sum in this
cause, because, as defendant avers, defendant at the
time alleged in the complaint was license tax collector
of the city of Birmingham, and it was defendant's duty
by virtue of his office to arrest, or cause the arrest of,
persons whom he had reason to believe were guilty of
violating the laws of said city; and defendant avers
that he had probable cause for believing and did

believe that plaintiff was guilty of retailing malt liquors
contrary to the ordinances and resolutions of said city,
and having such reason and probable cause for believ-
ing that plaintiff was guilty of such offense, defendant
caused the arrest of said plaintiff, as he alleges it was
his duty and right to do. Wherefore," etc.  "5.  Comes
the defendant and for further plea in this behalf says
and avers that plaintiff ought not to have and recover
any sum in this cause, because he says and avers de-
fendant was license and policeman tax collector of the
city of Birmingham at the time of the alleged arrest,
and it was defendant's duty by virtue of his said office
and he had the right as a citizen of said city to cause
the arrest of persons whom he had reason to believe had
violated any law of said city; and defendant avers that
the following was a law of said city at the time of the
alleged arrest:  City Code, § 100.  'Sec. 100.—Arrest
without warrant. When and by whom made.—It is the
duty of the marshal and every policeman to arrest, with-
out warrant, all persons found violating any ordinance
of the city, or whom he has reason to believe has vio-
lated any city ordinance, all persons found disturbing
the peace by disorderly conduct, all persons found drunk
on the public streets or in any public place in the city,
and all persons found under suspicious circumstances,
who fail to give satisfactory account of themselves.'
And defendant further avers that he was then and there
a citizen of the city of Birmingham; and defendant fur-
ther avers that the following license ordinance was then
and there in existence in said city:    'Be it further or-
dained, That any person desiring to engage in any trade,
business or occupation for which a license is required,
shall designate the place at which such trade or busi-
ness or occupation is to be carried on, and the license to
be issued hereunder shall designate such place, and
such license shall authorize the carrying on of such
trade, business or occupation only at such place.  For
each place at which such trade, business or occupation
is carried on a separate license shall be issued, for which
a separate license tax and a separate license fee shall be
paid.'  'Sec. 323.—Any person who shall engage in any

[Gambill v. Schmuck.]

business for which a license is required, before having paid for and taken out such license, shall, upon conviction, be find not less than one nor more than one hundred dollars, and may be imprisoned or put to hard labor for the city for not longer than thirty days for each and every day so engaged in business.' And defendant avers that each of said ordinances and resolutions were duly adopted by the board of mayor and aldermen of said city under and by virtue of the powers in them vested by the charter of said city existing at the time of their adoption, respectively; and the defendant further avers that he had probable cause for believing and did believe that plaintiff was guilty of violating the ordinance, and resolutions aforesaid in this, that plaintiff, as defendant had reason and probable cause for believing, was violating the laws aforesaid of said city in selling malt liquors at a place in said city without a license to so sell at said place, to-wit, near the show grounds near avenue A and Twenty-sixth street in said city, where he had no right to so engage in said city, and that thereupon W. E .Murphy who was then and there a policeman of said city, was requested by defendant to arrest said plaintiff for so doing said business without having license so to do at said place, and said Murphy then and there arrested plaintiff, as he alleges it was said Murphy's duty to do, and that defendant did not make said alleged or wrong arrest of plaintiff. Wherefore," etc. "6. For further plea in this behalf the defendant adopts so much of plea No. 5 and makes the same a part of this plea as precedes the words 'At the time of their adoption, respectively,' in said plea, and adds thereto the following words: And the defendant avers that the said plaintiff was engaged in the business of selling malt liquors in said city at a place where he had no license to sell the same and that said defendant was present when said plaintiff was so violating the said laws of said city, and defendant avers that he thereupon made a charge against said plaintiff for said offense to W. E. Murphy, who was then and there a policeman of said city, and requested said Murphy to

arrest said plaintiff for said offense; that thereupon said Murphy, as a policeman aforesaid, did arrest said plaintiff, as it was his duty and right to do, wherefore," etc.

The plaintiff demurred to the third plea upon the following grounds: 1. Said plea fails to answer the complaint, in that it fails to deny the charge of maliciously arresting plaintiff. 2. The act for which the plaintiff was arrested is a misdemeanor and the plea fails to show that the crime charged was committed in the presence of the defendant. 3. Said plea fails to set forth any offense committed by plaintiff.

To the fourth plea the plaintiff demurred upon the following grounds: 1. There is no law authorizing a license tax collector to make arrests for violating the laws of Birmingham, without warrant or writ of arrest. 2. The plea does not aver that plaintiff had committed the offense for which the arrest was alleged to have been made, in the presence of the defendant. 3. The plea does not set forth the facts constituting the probable cause for believing that the plaintiff had committed the offense charged for which the alleged arrest was made.

To the fifth plea the plaintiff demurred upon the following grounds: "1. The ordinance set forth in the said plea as authority for arresting plaintiff with or without a warrant, is void, in that there is no authority given by the charter granted to mayor and aldermen of Birmingham to enact such ordinance. 2. The said ordinance is void in that it is unreasonable in authorizing the seizure of the person of the citizen for a misdemeanor or a violation of a municipal ordinance not committed in the presence of the officer, or the defendant causing the arrest. 3. The plea is defective in this, that it does not show that the offense of violating the alleged ordinance was committed in the presence of the defendant. 4. The ordinance set forth in the plea as authority for causing the arrest upon the ground that the defendant had probable cause for believing plaintiff had violated a municipal ordinance is without charter authority. 5. The plea shows that the arrest was made when no violation

of the laws of the State or the city of Birmingham was committed in the presence of the defendant. 6. The plea does not set forth the facts constituting probable cause for believing." There were no demurrers interposed to the sixth plea. The demurrers to the third, fourth and fifth pleas were sustained, and the cause was tried upon issue joined on the pleas of the general issue and the sixth plea.

The evidence showed that on November 6, 1899, defendant arrested plaintiff in the city of Birmingham on a charge of violating section 323 of the Code of the city of Birmingham; the plaintiff being charged with selling beer without a license. The plaintiff gave bond and five days afterwards was discharged on the hearing of the cause. The defendant was, at the time of making said arrest, the license collector and policeman of the city of Birmingham. The evidence for the plaintiff showed that he was not guilty of violating the ordinance of the city of Birmingham for which he was arrested; that he had no connection with the business which the defendant supposed was being carried on by him, and was not engaged in the retail liquor business at all at that time; that a month or more before the arrest he had taken out a license for carrying on a retail liquor business, but had abandoned the business some weeks before the arrest, and was not engaged therein at that time.

Plaintiff then offered in evidence an act to establish a new charter for the city of Birmingham, approved March 1, 1891, and separately offered as evidence subdivision 19 of section 20 of said act, which was in words and figures as follows: "19. To pass all laws necessary and proper for the arrest, with or without warrants, of any person against whom there is a charge made of violating any city or State law, and to confine such person until tried, convicted, or discharged by law." Plaintiff further offered in evidence an act to establish a new charter for the city of Birmingham, Alabama, approved February 23, 1899, and especially and separately offered as evidence the 25th subdivision of section 25 of said act, which is in words and figures as fol-

lows: "25. To pass all laws necessary and proper for
the arrest, with or without warrants, of any person
against whom there is a charge made by any citizen for
violating any city or State law; to pass all laws needful
for the issue and execution of such warrants."

The defendant, as a witness in his own behalf, tes-
tified that he was, on the day of the arrest, license col-
lector and policeman for Birmingham; that he went
into a tent on the circus grounds in said city and saw a
keg of beer and some glasses, which had been set up
for the purpose of selling beer on said grounds; that in-
side of said tent he saw the plaintiff and one Harding
and one McGimpsy; that upon asking McGimpsy who
was the proprietor of the business he was told that Hard-
ing was; that McGimpsy made this reply in the hear-
ing of both the plaintiff and Harding; that there-
upon Harding took a license which had been issued to
the plaintiff, under which the plaintiff had done
business at another and different place; that thereupon
the defendant arrested both the plaintiff and Harding.

The court, at the request of the plaintiff, gave to the
jury the following written charges:    (5.)    "I charge
you gentlemen that the malice required for the recovery
of punitive damages in this case need not amount to
ill will, hatred or vindictiveness of purpose; and it is
sufficient if the defendant was guilty of a wanton dis-
regard to the rights of the plaintiff." (7.)   "The court
charges in this case that offering to do business, though
not doing business, is not engaging in business."    (10.)
"I charge you gentlemen that a good reason to believe
plaintiff had committed the offense for which he was
arrested is no excuse for making the arrest, and does
not make the arrest lawful."    (11.)    "I charge you gen-
tlemen that the mere intending to sell beer is no of-
fense and an arrest for such intention is unlawful." The
defendant separately excepted to the giving of each of
these charges, and also separately excepted to the court's
refusal to give each of the following charges requested
by him:   (A.)    "The court charges the jury that if
they believe the evidence they must find for the defend-
ant on the first count of the complaint."   (B.)    "If the

[Gambill v. Schmuck.]

jury believe the evidence they must find a verdict for the defendant on the second count of the complaint." (E.) "If the jury believe the evidence, they must find for the defendant." (F.) "The court charges the jury that to constitute a violation of section 323 of the city Code of Birmingham, an actual sale of beer was not necessary." (G.) "The court charges the jury that if the jury believe from the evidence that Harding and Schmuck were prepared to sell beer and that they were ready and intended to sell, but were prevented from selling because they were arrested before an opportunity offered itself for them to sell, and if they had no license to sell at the place where they were so ready to sell, then they were guilty of violating section 323 of the Code of Birmingham." (H.) "The court charges the jury that if the jury believe from the evidence that Harding and Schmuck were engaged in the business of selling beer on the show ground on November 6, 1899, and without license, then the verdict must be for the defendant." (I.) "The court charges the jury that if the jury believe from the evidence that Schmuck aided or assisted Harding in engaging or carrying on the business of selling beer at the show grounds in Birmingham, Alabama, on November 6, 1899, and that Harding did so carry on said business, and that said Harding had no license to sell beer at said place, then the verdict should be for the defendant."

There were verdict and judgment for the plaintiff, assessing his damages at $100. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ALTMAN & ALTMAN, for appellant, cited Abel v. State, 90 Ala. 631; Grant v. State, 73 Ala. 13; Weil v .State, 19 Ala. 19; Harris v. State, 50 Ala. 127.

WARD & DRENNEN, contra, cited Code, §§ 5211, 5215; Cunningham v. Baker, 16 So. Rep. 68; Cooley's Const. Law, 221; Art. IV of Amend. of Const. of U. S.; Art. I, §§ 6 and 8, Const. of Ala.; 7 Am. & Eng. Ency. Law (1st ed.), 686; 8 Pl. & Pr., 844; 12 Am. & Eng. Ency. Law (2d

ed.), 781, notes; 7 Am. & Eng. Ency. Law (1st ed.), 690; *Killebrew v. Carlisle,* 12 So. Rep. 167; 1 Am. & Eng. Ency. Law (1st ed.), 734; *Jones v. State,* 14 So. Rep. 772; Act to establish new charter for Birmingham, February, 1899; Acts of 1890-1, 114; *State v. Anniston Rolling Mills,* 27 So. Rep. 921.

McCLELLAN, C. J.—Action by Schmuck against Gambill. The complaint contains two counts. The first claims damages for that defendant maliciousy and without probable cause therefor arrested and imprisoned the plaintiff, etc. The second count claims damages for that defendant unlawfully arrested and imprisoned plaintiff, etc. Each count alleges that defendant arrested plaintiff on a charge of violating section 323 of the ordinance Code of the city of Birmingham, which makes it unlawful for a person to do a business for which a license is required before paying for and taking out such license. The defendant pleaded not guilty and some special pleas intended to justify the arrest, etc., of the plaintiff on the ground that defendant was the license collector or a policeman of the city and—some of them —that he had reason to believe plaintiff had committed the offense referred to, and—others—that he had probable cause to believe and did believe plaintiff had committed said offense, etc., etc. These pleas were properly held bad on demurrer. They failed to aver that the offense was committed in the presence of the officer, or that he had a warrant for the arrest of the plaintiff, Schmuck. Under the general law an officer without a warrant has no authority to arrest for an offense of the grade involved here—a *quasi* misdemeanor—unless it is committed in his presence.—Code, § 5211. And conceding for the purposes in hand, without deciding, that it was competent for the legislature to delegate to the municipality of Birmingham the power to provide by ordinance for the arrest of misdemeanants without warrant when the offense is not committed in the presence of the arresting officer or citizen, we do not find that the legislature has attempted to do this. What it has done is to confer upon the legislative body of the city power

"to pass all laws necessary and proper for the arrest with or without warrants of any person against whom there is a charge made by any citizen for violating any city or State law." Having only this authority to provide for the arrest without warrant of persons against whom charges have been made by citizens, the ordinance put in evidence which undertook to authorize such arrests in all cases regardless of charges having or not been made, was beyond corporate capacity and void. So that neither under the general law nor under the charter of the city is an arrest without warrant for a misdemeanor authorized under the facts averred iu these pleas, which were numbered 3, 4, and 5, and demurrers were properly sustained to them. The sixth plea avers that defendant was present when the plaintiff was committing the offense for which he was arrested, etc., etc. It does not appear that this plea was demurred to; and the issues were the joinder on the plea of not guilty and this plea 6.

Whether the arrest and imprisonment of Schmuck was malicious and without probable cause was a question of fact which had to be left to the jury. Whether the arrest was unlawful depended upon the inquiry as to whether or not the offense for which he was arrested was committed in the presence of Gambill; and upon this the evidence involved conflict or bases for conflicting inferences. So that the affirmative charges requested by defendant upon the whole complaint, and upon the first and second counts severally were properly refused.

It has been the general understanding that an actual transaction is an essential element of the offense of engaging in or carrying on the business of selling liquors without license, and we so hold though the precise point has not, it seems, been decided by this court.—Code, § 5467, and citations. Charges F. and G. asked by defendant were therefore bad, and charges 7 and 11 were properly given for plaintiff.

Even if Schmuck was guilty of the offense for which he was arrested, the arrest was none the less unlawful unless it was committed in the presence of Gambill.

Hence charges H. and I. were properly refused to the defendant.

Charge 10 given for plaintiff was in line with the views we have expressed when considering the sufficiency of pleas 3, 4, and 5.

Charge 5 given for plaintiff asserts a well established principle of law. "In a legal sense, any unlawful act which is done willfully and purposely to the injury of another is, as against that person, malicious. It (malicious prosecution) is an action based upon an improper motive, and does not necessarily presuppose personal hatred, ill will or revenge. It may be a mere wanton * * * disregard of the rights of others."—14 Am. & Eng. Encyc. Law, pp 22-3.

We find no error in the record, and the judgment must be
Affirmed.