(84 South. 885)

WARSHAM v. STATE. (7 Div. 576.)

(Court of Appeals of Alabama. May 20, 1919. Rehearing Denied June 30, 1919.)

1. CRIMINAL LAW ☞844(1)—EXCEPTIONS TO ORAL CHARGE CANNOT BE MADE BY REFERENCES.

An exception by description or reference to matter treated is insufficient as to oral charge; so exceptions to the portions of charge defining deliberation, etc., are insufficient.

2. CRIMINAL LAW ☞761(6) — INSTRUCTION HELD ERRONEOUS AS ASSUMING A FACT.

In a prosecution for homicide against a police officer, who killed deceased in an attempted arrest, a requested charge *held* erroneous, in assuming that the officer who had no warrant had authority to arrest.

3. HOMICIDE ☞300(13)—CHARGE ON SELF-DEFENSE, IGNORING FREEDOM FROM FAULT, PROPERLY REFUSED.

In a homicide case, a charge on self-defense, ignoring the question of defendant's freedom from fault in bringing on the difficulty, was properly refused; that being question for the jury.

4. CRIMINAL LAW ☞829(1)—REFUSAL OF REQUESTS COVERED BY CHARGE PROPER.

The refusal of requests covered by the oral charge is proper.

5. CRIMINAL LAW ☞821(2) — ELLIPTICAL CHARGE, OMITTING NEGATIVE, PROPERLY REFUSED.

A charge which is elliptical, in omitting a negative, is properly refused.

6. HOMICIDE ☞298 — CHARGE ON ARREST PROPERLY REFUSED.

In a prosecution for homicide against a police officer, who killed deceased, attempting to arrest him, a charge that, if defendant did not have the opportunity to tell deceased for what he was being arrested, then that duty was eliminated, was properly refused, under Code 1907, § 6269, relating to an arrest without warrant.

7. CRIMINAL LAW ☞1091(12) — CHARGE AMONG THOSE MARKED REFUSED MAY BE TREATED AS ACCREDITED TO APPELLATE COURT.

A charge without indorsement, which appeared among those marked refused, though the particular charge was not so indorsed as appearing in bill of exceptions, may be considered by the appellate court as having been accredited to it.

8. HOMICIDE ☞146—PRESUMPTION OF MALICE FROM USE OF DEADLY WEAPON.

Malice is presumed from use of a deadly weapon, unless the evidence that proves the killing overcomes or disproves this presumption.

9. CRIMINAL LAW ☞807(1), 815(1)—ARGUMENTATIVE CHARGES, PRETERMITTING ESSENTIAL QUESTION, PROPERLY REFUSED.

An argumentative charge, which also pretermitted an essential question, was properly refused.

10. HOMICIDE ☞111 — UNLAWFUL ARREST MAY BE RESISTED.

Where an arrest is unlawful, the party sought to be arrested may resist the assumed and pretended authority.

11. CRIMINAL LAW ☞761(9) — INSTRUCTION ASSUMING UNDISPUTED FACT PROPERLY REFUSED.

Requested charge, which assumes the existence of a fact, even though it is undisputed, is properly refused.

12. CRIMINAL LAW ☞811(1)—CHARGE GIVING UNDUE PROMINENCE TO PARTICULAR FACTS PROPERLY REFUSED.

A charge which singles out and gives undue prominence to particular facts is properly refused.

13. CRIMINAL LAW ☞811(3)—CHARGE PROPERLY REFUSED, AS ARGUMENTATIVE AND SINGLING OUT PARTICULAR EVIDENCE.

In a homicide case, a charge that if the woman, at whose house was deceased when approached by defendant, a police officer, was a public prostitute, and defendant had cause for believing that the house was disorderly, then it was the duty of the jury to consider those facts, etc., was properly refused, as argumentative and singling out testimony.

14. CRIMINAL LAW ☞830—UNINTELLIGIBLE REQUEST IS PROPERLY REFUSED.

An unintelligible request is properly refused.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] 199 Ala. 411.

**15. CRIMINAL LAW** &⫸807(1)—ARGUMENTATIVE AND INVOLVED CHARGE IS PROPERLY REFUSED.

An argumentative and involved charge is properly refused.

**16. CRIMINAL LAW** &⫸759(2) — CHARGE ON MALICE PROPERLY REFUSED, AS INVADING THE PROVINCE OF THE JURY.

In a homicide case, a charge that if facts relied on by the state to sustain the charge of murder, which tend to prove either that defendant was free from fault or that there was a pending present peril to life of defendant, either real or apparent, so as to create a bona fide belief of existing necessity to kill deceased, etc., then the presumption of malice from use of a deadly weapon does not prevail, etc., *held* properly refused as invading province of jury.

**·17. HOMICIDE** &⫸276—GENERAL AFFIRMATIVE CHARGE IN HOMICIDE CASE PROPERLY REFUSED.

In a homicide case, where self-defense was relied on, an affirmative charge for defendant *held* properly refused; the evidence presenting a question for the jury.

Appeal from Circuit Court, Etowah County; J. E. Blackwood, Judge.

Walter Warsham was convicted of murder in the second degree, and he appeals. Reversed and remanded.

Judgment reversed by Supreme Court, 203 Ala. 534, 84 South. 889.

The facts sufficiently appear from the opinion of the court. The exceptions referred to as taken to the oral charge were as follows:

(1) To that part of the charge defining deliberation, wherein the court stated no moment of time was necessary if he thought—that he intended to strike even only for an instant of time.

(2) That part where the court said, when it is shown that a life has been taken by a pistol, that that raises the presumption of malice; also where the court stated defendant had no right to enter that home, no right to arrest, unless the offense was committed in his presence, if not in his presence, he was a trespasser; also that the law makes it the duty of the officer to inform the prisoner for what he is being arrested, etc.

The following charges are noted as refused to the defendant:

(1) The defendant was under no duty to retreat before firing the shot which killed the deceased.

(2) While the law does not clothe an officer with authority to judge arbitrarily of the necessity of killing prisoners, he cannot kill unless there is a necessity for it, and if the jury have a reasonable doubt as to the necessity of killing the deceased, their verdict must be not guilty.

(3) Under the facts shown by the evidence in this case, defendant was authorized to arrest deceased.

(4) If, at the time Warsham fired the shot, he as a reasonable man honestly believed his life was in danger, or was threatened with serious bodily harm, then he had a right to act on such reasonable appearance of things and protect himself; and this is true, if the defendant was a trespasser in entering the house, provided there was no reasonable mode of escape, except to shoot.

(5) The defendant as a police officer was not a trespasser in entering the Powell house under the evidence in this case.

(8) If you believe from the evidence that it was reported to defendant by two citizens of Alabama City that soldiers were at the house of Mrs. Powell, and that they were drinking and guilty of disorderly conduct or indecent conduct, and requested the defendant to go to such house and investigate the matter, and get the soldiers to leave the house, then it was the duty of defendant to go to said house and make such investigation, and in so doing he cannot be considered as at fault in bringing on the difficulty.

(9) If you believe from the evidence in this case that defendant was a police officer of Alabama City, and that the deceased used abusive, insulting, or obscene language in the presence of defendant, and in hearing of the streets of Alabama City, and defendant attempted to arrest deceased, whereupon deceased resisted arrest, knowing defendant to be a policeman, if by some act or demonstration of the deceased he induced in the mind of defendant a reasonable belief that danger to the life or person of defendant was imminent, then defendant had a right to kill deceased, although deceased did not have any real intention of doing injury to defendant.

(10) Although you should find that the deceased was a guest at the home of Mrs. Powell, and as such was entitled to protection as guest, yet if you further believe that deceased cursed and used profane language within hearing of a public street, and the defendant heard such language, then he had a right, under the law, to arrest the deceased, and he was in any sense a trespasser.

(11) It was the duty of defendant, when called upon by citizens of Alabama City to prevent a breach of the peace, actual or threatened, though not in his presence, and if, while trying to prevent such breach of the peace, the deceased, in the presence of the defendant, violated an ordinance of the city of Alabama City, it became his duty to arrest the deceased, and in making such arrest, or seeking to make such arrest he would be free from fault in bringing on the difficulty, and did not have to retreat, but had the right to stand his ground, using no more force than was necessary reasonably to effect such arrest.

(12) If the defendant did not have the opportunity, or was prevented by the deceased, to tell the deceased for what he was being arrested, then that duty resting on the officer was eliminated.

(15) Resistance to a legal arrest may consist in acts or demonstrations on the part of the party sought to be arrested, which import defiance and indicate an immediate purpose to use violence in resisting, and after such acts and demonstrations the officer may immediately em-

---

&⫸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ploy such degree of force as is necessary to reduce the party to submission and accomplish the arrest, even to the taking of the party's life, if necessary.

(16) The defendant, as a police officer of Alabama City, on a complaint being made to him that the deceased and another were drunk and disorderly within said city, it became the duty of defendant to investigate such complaint, and if you further find from the evidence that, when the defendant approached the place where the deceased was, the deceased was cursing and otherwise manifesting his drunken condition, then it became the duty of the defendant to arrest the deceased, and did not have to retreat; and if you further believe from the evidence that the deceased, while under arrest, or while being arrested, suddenly kicked the defendant, and threw his hand towards his pocket, and told defendant he would blow his damned brains out, the defendant had the right to act on the reasonable appearance of things, and if the defendant as a reasonable man honestly believed that it was necessary to shoot to save himself from death or great bodily harm, then he had the right to shoot, and the law will justify the shooting.

(17) There is no dispute in the evidence that at the time of the shooting the defendant was a policeman of Alabama City, and within the police jurisdiction of said city; that as such policeman the defendant was a conservator of the peace, and it was his duty to prevent a breach of the peace, actual or threatened in his presence; that if, under the evidence in this case, the defendant and another policeman, after having been notified that the deceased and another were guilty of disorderly conduct, it became the duty of defendant to investigate these charges, and if the defendant on approaching the house where deceased and another were, he heard cursing, and in order to prevent a breach of the peace the defendant entered said house, then the defendant was in the discharge of his duty in so entering said house; that if the deceased then cursed and assaulted the defendant, the defendant had the right and it was his duty to meet and to repel said assault with such force as was reasonably necessary to repel said assault; that if the deceased, while in charge of the defendant and another policeman, suddenly jerked loose and kicked this defendant, and threw his hand back towards his pocket, and said to this defendant that he would blow his brains out, the defendant had the right to act on appearances of things; and if the defendant as a reasonable man honestly believed that it was necessary for him to shoot to save his life, or to save himself from great bodily harm, then the defendant had a right to shoot, and the law would hold the defendant harmless.

(18) If you believe from the evidence in this case that the woman, Annie Powell, at whose house the deceased was when approached by the defendant, was a known prostitute, and her character was known to the defendant at the time he went to her house on the occasion of the killing, and defendant had good cause for believing that her house was being visited by strange men, then it is your duty to consider these facts in determining what motive prompted the defendant in going to the house of Annie Powell on this occasion, if you further find from the evidence that the defendant was a police officer of Alabama City.

Charges 25, 26, 27, and 28 were the same as 18, with the added idea that in going to the house defendant was not a trespasser.

(29) I charge you that, if you find any facts testified to in this case which are necessary and which are relied upon by the state to sustain the charge of murder set out in the indictment, in either degree as it has been defined to you, which facts tend to prove either that defendant was free from fault in bringing on the difficulty, and that there was a pending present peril to the life of the defendant or danger of great bodily harm, either real or apparent, as to create the bona fide belief of an existing necessity to kill deceased, and there was no reasonable mode of escape without increasing the peril of defendant, or that the homicide was the result of sudden passion engendered by a blow or injury given or threatened against the defendant by deceased, not calculated to produce death or great bodily harm, then the presumption of malice from the use of a deadly weapon does not obtain, and the state must convince the jury beyond all reasonable doubt from the evidence that defendant acted with malice, and failing to do so you cannot convict the defendant of murder in any degree.

(30) Under the evidence in this case, you cannot convict the defendant of murder in either degree.

P. E. Culli, J. S. Franklin, and L. B. Rainey, all of Gadsden, for appellant.

The court erred in not permitting defendant to prove by Scarbrough and others what they said to him relative to the conduct down at the Powell house. 150 Ala. 19, 43 South. 219; 157 Ala. 7, 48 South. 107; 80 Ala. 183; 60 Ala. 26; 62 Ala. 170; 193 Ala. 20, 69 South. 533; 4 Ala. App. 32, 58 South. 996; 122 Ala. 54, 25 South. 10; 178 Ala. 26, 59 South. 577; 102 Ala. 1, 16 South. 99. Under the evidence in this case no conviction could be had for murder in any degree. 55 Ala. 31; 94 Ala. 55, 10 South. 526; 21 Cyc. 708; 6 Enc. Ev. 591.

J. Q. Smith, Atty. Gen., and Richard Evans, Asst. Atty. Gen., for the State.

There was no error in the rulings on the evidence. 166 Ala. 14, 52 South. 345; 140 Ala. 16, 37 South. 259; 139 Ala. 144, 36 South. 718; 147 Ala. 57, 42 South. 1; 77 Ala. 541. The attempted exceptions to the oral charge were and are abortive, and present nothing for review. 187 Ala. 562, 65 South. 939; 201 Ala. 55, 77 South. 349.

Under all our authorities, the charges were bad, and properly refused.

BRICKEN, J. The defendant was indicted for murder in the first degree. The indictment charged that he killed John, alias Hans, Holmes, by shooting him with a pistol, etc. He was tried and convicted of the

offense of murder in the second degree, and was sentenced to imprisonment in the penitentiary for a term of 12 years, from which judgment this appeal is taken.

The killing by the means charged is admitted, and the defendant undertakes to justify under the plea of self-defense. It appears that the defendant was a police officer of the town of Alabama City, and without a warrant undertook to arrest the deceased, a soldier in the army of the United States, upon the verbal complaint of two citizens that deceased and others with him were guilty of some misconduct in the home of Mrs. Annie Powell, who lived on White street in Alabama City. The defendant was accompanied by one Harris, another police officer, who assisted in the arrest of the deceased. Rulings of the court upon the evidence, the refusal of special written charges requested by the defendant, and also a part of the oral charge of the court, are insisted upon as error.

— The evidence was in sharp conflict upon every material issue on the trial of this case. We have examined very carefully every ruling of the court upon the evidence, to which exception was reserved, and, while there are many, we are of the opinion that no ruling of the court in this connection resulted in prejudice to the substantial rights of the defendant, and that in each instance these rulings were free from error. We do not think it would serve any good purpose to deal separately with each of these rulings and therefore refrain from so doing. Each and every exception, however, has been carefully examined and considered by this court sitting en banc, with the result, as before stated, no reversible error is shown to exist, and that no ruling of the court on the admission or rejection of evidence has probably injuriously affected the substantial rights of the defendant.

[1] There seems to be merit in the insistence of the Attorney General, representing the state on this appeal, that the exceptions reserved to portions of the oral charge were abortive, and were merely descriptive, and that these exceptions were not the reservation of exceptions to a particular, exactly designated, statement of the court, and that the attempted reservation of these exceptions was by reference merely, or descriptive, and did not designate with particularity and certainty the specific portions of the oral charge complained of as being erroneous. The well-settled practice does not allow an exception by description of a subject treated by the court in an oral charge to the jury. Pretermitting, however, these criticisms of the manner in which the exceptions to the oral charge of the court were reserved, and considering them as if they had met the required rule, we are of the opinion that none of them are well taken, and that the portions of the oral charge complained of are not reasonably susceptible of the interpretation insisted upon here, and especially is this true when the portions excepted to are taken and read in connection with the other parts of the oral charge and the final explanations of the charge delivered by the court. We are of the opinion that the oral charge, taken as a whole, which must be done, is free from error of a prejudicial nature.

Charge 1 was properly refused. The evidence in this case is without conflict that the defendant, a police officer, was undertaking to make an arrest without a proper complaint having been made. Rhodes v. McWilson, 16 Ala. App. 315, 77 South. 465; Cunningham v. Baker-Peterson & Co., 104 Ala. 160, 16 South. 68, 53 Am. St. Rep. 27; Ex parte Rhodes, 79 South. 462, 1 A. L. R. 568.[1] The question as to whether an offense was committed by the deceased in the presence of the arresting officer, under the evidence in this case, was for the jury. Defendant was under no duty to retreat, only when lawfully making an arrest as an officer, and if he had no warrant of arrest for deceased, and if the offense, if any, was not committed in his presence, he would not be relieved from the duty to retreat. Charge 1 is faulty for having pretermitted these considerations.

[2] Charge 2 is bad, in that it assumes that defendant was an officer lawfully exercising a right to arrest deceased.

Charge 3 was properly refused. The facts shown by the evidence in this case were in sharp conflict as to whether any offense had been committed in the presence of the officer. The officer had no warrant, and it was a disputed question of fact for the jury, touching the rights and duties of the officer, his responsibility on the one hand, and protection on the other hand.

[3] Charge 4 was properly refused, as it ignores the question of freedom from fault on the part of the defendant in bringing on the difficulty, and under the evidence in this case this was a question for the jury.

[4] The propositions of law embodied in charge 5 were fairly and substantially covered by the oral charge of the court. Furthermore, the law requires that the facts and circumstances must not only be such as to impress the defendant with the reasonable belief that he is in imminent peril, but that he must honestly entertain such belief. This charge was properly refused.

Charge 6 was invasive of the province of the jury. The defendant as a police officer, without a warrant, had no right to enter the house in question and make the arrest, unless an offense was committed in his presence, and upon this question the evidence was in dispute. It was therefore a question of fact for the jury.

Charge 7 was fully covered by the oral charge of the court, and by given charges

---

[1] 202 Ala. 68.

Nos. 51, 55, and 57, requested by the defendant.

Charge 8 is bad, and also misleading, and was properly refused, for unless a public offense was committed in the presence of the defendant, it being conceded he had no warrant of arrest, he had no right under the law and over the protest of the occupants of the house to enter, even though he had been requested so to do by two citizens of Alabama City. The charge is misleading, in that "going to" and "into" the house are different, and by no means synonymous.

Charge 9 failed to hypothesize an honest or bona fide belief upon the part of the defendant, and also the necessity to kill, as defendant, under the law, if lawfully making an arrest, had the right to use only enough force to subdue the deceased. Furthermore, the principles of law embodied in this charge were covered by the oral charge of the court and by given charge 57, requested by defendant. There was no error in its refusal.

[5] Charge 10 was elliptical; that is to say, defective, having a part omitted. The word "not" was doubtless intended to be incorporated therein. It was properly refused for this reason, and for the further reason that the court's oral charge, and special charges 35 and 55, given at the instance of the defendant, fairly and substantially cover the principles of law embodied therein.

Charge 11 was covered by the oral charge of the court. As written, however, it is bad, in that defendant would have been free from fault in making an arrest only when the arrest was made according to law; otherwise, the fact that he was an officer afforded him no protection, and the duty to retreat would have applied to him, as the law applies it to any citizen. Furthermore, if the defendant, without a warrant, entered the house to make an arrest for a misdemeanor not committed in his presence, and after he got into the house arrests for another offense, he would be a trespasser, and was not in the lawful exercise of his duty as such officer, and could not be protected as such.

[6] Charge 12 was properly refused. Code 1907, § 6269; Tarwater v. State, 16 Ala. App. 140, 75 South. 816.

Charge 13 is subject to the criticism above given relative to charge 12. Moreover, this charge is couched in a doubtful aspect, to wit, "Defendant entered the house for the purpose of arresting deceased (for an offense already committed), or for the purpose of preventing further cursing" (a new or anticipated offense not yet committed). A charge embracing alternative propositions must be good as to each alternative involved, else it is bad. This charge was properly refused.

[7, 8] Charge 14 is without indorsement by the trial judge; however, it appears among those charges marked refused. Though this charge is not so indorsed, as it appears in the bill of exceptions, it may be treated as having been duly accredited to this court. Its refusal was not error, for the law is that malice is presumed from the use of a deadly weapon, unless the evidence that proves the killing overcomes or disproves this presumption. The principle of law contained in this charge was fully covered by the oral charge of the court.

Charge 15 has misleading tendencies. An officer, in making a lawful arrest, may use only such force as may be necessary to subdue the arrested party. In effect, it also refers to the jury a question of law to say what is a legal arrest. This charge, however, was fully covered by the oral charge of the court and by given charge No. 36, requested by defendant. There was therefore no error in its refusal.

[9] Charge 16 was argumentative, and was properly refused. This charge also pretermits the question of whether the alleged cursing could be heard from the street, or whether the offense was committed in the officer's presence.

[10, 11] Charge 17 is misleading, and is bad. It pretermits whether defendant attempted to lawfully arrest by acquainting deceased with the nature of the accusation against him; for, if the arrest was unlawful, the deceased had the right to refuse to submit to the assumed and pretended authority, and, if the arrest was unlawful, the defendant must justify, if at all, in self-defense. This charge pretermits all such considerations. Furthermore, the trial court should not be put in error for refusing this charge, as it assumes the existence of certain facts, and this rule applies, even if there be no dispute in the evidence about its being such fact. Campbell v. State, 13 Ala. App. 70, 69 South. 322.

[12, 13] Charge 18 singles out and gives undue prominence to certain facts or phases of the testimony, and for that reason it was properly refused. Strother v. State, 15 Ala. App. 106, 72 South. 566; Willingham v. State, 130 Ala. 35, 30 South. 429. The charge is bad, also, under the rule laid down in Stone v. State, 105 Ala. 60 (ninth headnote), 70, 71, 17 South. 114.

Charges 19, 19½, 20, 21, 22, 23, and 24 are not argued in brief of counsel, or their refusal insisted upon as being error. We have, however, examined these charges, and find no error in the ruling of the court in this connection, as the principles of law embodied in the charges, which are not bad, were fully covered by the oral charge of the court, or by the given charges requested by the defendant.

[14] Charge 25 is unintelligible, and was properly refused. The oral charge of the court fully covers the principles of law undertaken to be embodied in this charge. The same criticism applies to refused charges 26,

27, and 28; they were therefore properly refused.

[15, 16] Charge 29 is argumentative and involved, and is invasive of the province of the jury. The question of malice, as well as all the constituent elements of murder, were fully and ably given by the court in its oral charge to the jury. There was no error in the refusal of this charge.

[17] Charge 30 is the affirmative charge upon the offense of murder, and under the facts in this case the defendant was not entitled to this charge, this being a question for the jury, and this charge invaded the province of the jury.

It appears from the entire record that the defendant has had a fair and impartial trial, and that this trial was free from any error which has injuriously affected his substantial rights. The judgment of conviction is affirmed.

Affirmed.

Reversed and remanded, on authority of Ex parte Warsham, 203 Ala. 534, 84 South. 889.