97 So.2d 825

Calvin **WELDON**

v.

**STATE.**

7 Div. 410.

Court of Appeals of Alabama.

Aug. 13, 1957.

Rehearing Denied Oct. 29, 1957.

W. M. Beck, Fort Payne, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for State.

HARWOOD, Presiding Judge.

This appellant has been found guilty by a jury upon a complaint charging that he did buy, sell, or possess prohibited liquors, etc.

The evidence presented by the State tends to show that on 19 February 1955 Sheriff W. R. Evans, accompanied by two deputies, went to the home of the appellant to search for contraband liquor. The sheriff carried with him a search warrant for the premises.

There can be no doubt that the State's evidence, if believed by the jury under the required rule, was sufficient to show that the defendant did possess moonshine whiskey on that date, provided such evidence was admissible, in view of the effect that must be accorded, Section 210, Title 29, Code of Alabama 1940, (Pocket Part), which section was approved on 12 September 1951.

The pertinent portion of this section provides:

"No evidence obtained by means of an illegal search of a private dwelling of any person shall be admissible in any court in the prosecution of any person for violating the provisions of this title (Title 29). A search is deemed illegal unless, (1) a valid search warrant has been issued in full compliance with law including section 214 of this title, and such warrant is executed according to law."

We interpolate here that Section 214, referred to in 210, supra, pertains to the examination of the complainant and witness by a magistrate before issuing a search warrant.

According to Sheriff Evans he and his deputies went to appellant's home just after dark. They waited near the premises, and observed a woman enter the house.

The sheriff went up on the porch of the house, and looking through a window saw

288

the appellant pouring "liquor" from a jug into a pint bottle.

At this juncture he opened the door and entered the house. The appellant and his wife smashed the jug and bottle. The liquid spilled on the floor as a result of breaking the containers was moonshine whiskey.

Over appellant's objection, appropriately grounded, the search warrant carried by the sheriff was received in evidence. One of the grounds was that the warrant was not executed before 6:00 p. m.

Section 220, Title 29, Code of Alabama 1940, pertaining to the execution of prohibited liquor search warrants specifies that such warrants "may be executed at any time between eight o'clock in the morning and six o'clock in the afternoon, or at any other time that the place or premises are open."

■ The defendant having objected to the introduction of the warrant on the ground that it was not executed before 6 o'clock in the afternoon, the burden was cast upon the State to show that it was timely executed.

In this connection Deputy Joe J. Harris "wouldn't say what time" the premises were entered.

Deputy Faulkner placed the time of entry "between sundown and 8 P.M."

Sheriff Evans testified that it could have been before 6 p. m., and it could have been after 6 p. m.

The sheriff further testified that he had no time to execute the warrant after his entry, but devoted his attention to trying to prevent the destruction of the receptacles.

■ It is clear that the equivocal nature of the above testimony is insufficient to establish to the required degree that the search warrant was executed at or before the hour of 6 o'clock, conceding that a formal execution by the sheriff was prevented by appellant's efforts to destroy the liquor.

The Attorney General argues however that the premises were "open," in that the lights were on in the house, and the appellant, his wife, and another woman were therein, and therefore the premises could be searched after 6 o'clock.

■■ We think "open," as used in Section 220, supra, must be construed to mean "open to the public," that is business, or quasi business places or premises, or places or premises which have lost their status as private residences by virtue of the use made or permitted. To hold otherwise would do violence to our common law concept that a man's house is his castle. "It may be a straw built hut, the wind may whistle around it, the rain may enter it, but the King cannot."

■ The search warrant must therefore be laid aside in a consideration of this case.

We have not overlooked Section 107, Title 15, Code of Alabama 1940, found in the general provisions relating to search warrants, as distinguished from search warrants for prohibited alcoholic beverages. This section reads:

"It must be executed in the daytime, unless the affidavits state positively that the property is on the person or in the place to be searched, in which case it may be executed at any time of the day or night; and the magistrate issuing it must state in the warrant, according to the character of the affidavits, whether it is to be executed by day, or at any time of the day or night."

The warrant in this case was issued on probable cause for believing, etc., and not on a positive statement that the goods to be searched for were in the house.

The Attorney General further argues that Sheriff Evans had a right to enter the house and arrest the defendant, for an offense committed in his presence, and a derivative right in making the arrest, to seize such things as were material to the offense.

In his cross examination Sheriff Evans testified that when he was on the porch and

looking through the window he saw the defendant pour something—that at the time he did not know of his own knowledge that it was whiskey.

 It therefore cannot be said that Sheriff Evans knew that a crime was being committed in his presence, authorizing him to arrest without a warrant. His entry into the house was therefore as a trespasser, and unwarranted. While it later developed that the liquid being poured from the jug was whiskey. " 'An illegal arrest cannot be justified by facts subsequently ascertained'." Mangino v. Todd, 19 Ala.App. 486, 98 So. 323, 328. The entry and arrest in this case being illegal, no derivative right of search and seizure can be deemed to have attached.

At the conclusion of the State's case counsel for appellant moved the court to exclude the State's evidence, and discharge the defendant on the grounds that it appeared that the State's evidence was procured by an illegal search contrary to Section 210, Title 29, Code of Alabama 1940, in that the place searched was the private residence of the defendant.

Under the State's evidence the motion was well taken and should have been granted. Its refusal necessitates a reversal of this judgment.

Reversed and remanded.

#### On Rehearing.

In his brief in support of the State's application for rehearing, the Attorney General argues that the Sheriff having made an affidavit in connection with the search warrant that he had probable cause for believing liquor was in appellant's house, taken in connection with what the Sheriff observed, was sufficient for the Sheriff to know that a misdemeanor was being committed in his presence.

We have already concluded that the Sheriff's observations from outside the house, and under the Sheriff's own testimony, failed to establish positively that a crime was being committed in his presence, regardless of the reasonable suspicion that appellant's conduct may have created.

We cannot see that the fact that the Sheriff had previously made an affidavit that he had probable cause for believing that prohibited liquor was in appellant's house in anywise proves that a misdemeanor was being committed in the Sheriff's presence. By its own terms the affidavit shows only probable cause for believing, not positive knowledge.

The offense for which this appellant was arrested being a misdemeanor, neither actual belief in the guilt of the appellant, nor reasonable grounds to suspect guilt constitutes a basis for arrest without a warrant. Rhodes v. McWilson, 16 Ala.App. 315, 77 So. 465; Warsham v. State, 17 Ala. App. 181, 84 So. 885; Gambill v. Schmuck, 131 Ala. 321, 31 So. 604.

Application overruled.