162 So.2d 894

**Nelson EDWARDS**

v.

**STATE.**

**4 Div. 501.**

Court of Appeals of Alabama.

April 7, 1964.

W. H. Baldwin, Andalusia, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Edwards was convicted of possessing prohibited liquors and sentenced as a multiple offender to twelve months hard labor. This lengthier term comes from Code 1940, T. 29, § 99, for a third or subsequent conviction.

February 16, 1963, officers armed with a search warrant issued on an affidavit based ·on probable cause found moonshine whiskey in Edwards's home. No time of execution .appears on the return to the warrant.

The evidence of the time of search is as follows:

"Q What time of the day did you enter that home?

"A It was late afternoon.

"Q Was it before 6 o'clock, P.M.?

"A Well, I really couldn't say about that.

"Q What is your opinion as to what time you went there?

"A It was about good dark.

"MR. BALDWIN: May I inquire .along this line, if the Court pleases?

"THE COURT: Has anybody told you about a night time search warrant?

"A Yes, sir.

"Q Was it dark? We'll put it that way.

"A It was dark, yes, sir.

"MR. BALDWIN: We object to the introduction of the proposed exhibit, being a purported affidavit for a search warrant, a search warrant being issued ·by Comer Mahone, Justice of the Peace, on the 16th day of February, 1963, on the following grounds: It appears that the search was made at a time not in the day time; the search warrant does not authorize a night time search. On the further grounds that the warrant .was .not executed in the manner prescribed by law, in that the results of the search do not appear on the return .attached to the warrant.

"THE COURT: Overrule.

"MR. BALDWIN: We reserve an exception."

 The facts being uncontroverted, no motion to suppress before trial was mandatory. Lawson v. State, 42 Ala.App. 172, 157 So.2d 226; Brown v. State, post p. 429, 167 So.2d 281 (Ms., 7 Div. 739).

The State failed to show the search was made within the legal hours. Under Weldon v. State, 39 Ala.App. 286, 97 So.2d 825, this judgment is due to be reversed.

Reversed and remanded.